**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2113-19

DAVID PETRELLA,

    Plaintiff-Appellant,

v.

THE HACKENSACK BOARD
OF EDUCATION, BERGEN
COUNTY,

    Defendant-Respondent.

_____

        Submitted January 5, 2021 – Decided March 5, 2021

        Before Judges Gilson and Gummer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000222-19.

        Schwartz Law Group, LLC, attorneys for appellant (Andrew L. Schwartz and Robert J. Schwartz, on the briefs).

        Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys for respondent (Afshan T. Ajmiri Giner, of counsel and on the brief; David I. Solomon, on the brief).

PER CURIAM

This appeal arises out of the dismissal of a public-school employee following arbitration of tenure charges. Plaintiff David Petrella appeals from a December 20, 2019 order that dismissed his complaint to vacate an arbitration award, under which Petrella had been dismissed from his tenured employment with the Hackensack school district. He contends that the arbitration award was procured by undue means because the arbitrator allowed the school board to submit additional exhibits after the matter had been referred to arbitration. We reject that argument and affirm.

I.

From 1994 to 2018, plaintiff worked for the Hackensack Board of Education (Board). He started as a teacher, later became the principal of a middle school, and ultimately was the director of athletics for the school district.

In November 2018, the acting superintendent filed tenure charges seeking to dismiss plaintiff. Plaintiff was charged with nine tenure violations covering a range of alleged misconduct and failures, including failing to ensure proper supervision, which led to a student's injury, making an inappropriate comment, and failing to ensure that coaches had current CPR and first-aid certifications.

2

After plaintiff filed an answer to those charges, the Board found probable cause and certified the tenure charges to the Commissioner of Education (Commissioner). The Board also suspended plaintiff without pay for 120 days pursuant to N.J.S.A 18A:6-14.

In December 2018, the Board submitted its list of exhibits and witnesses and the matter was referred to an arbitrator in accordance with the Tenured Employees Hearing Law (Tenure Law), N.J.S.A. 18A:6-10 to -18.1. The arbitration was conducted on six days during February, March, and April 2019. When the charges were referred to the arbitrator, the Board had listed twenty exhibits. During the arbitration, the arbitrator allowed the Board to submit an additional seventeen exhibits.

On May 18, 2019, the arbitrator issued a written decision and award, finding that plaintiff had engaged in unbecoming conduct and dismissing him from employment as athletic director. In a detailed seventy-two-page decision, the arbitrator found evidence supporting six of the tenure charges against plaintiff. In particular, the arbitrator found that the charges related to the severe injury to a student were the most egregious. The arbitrator also found that plaintiff's cumulative transgressions and omissions established a pattern of unbecoming conduct warranting dismissal.

On June 21, 2019, in response to the parties' requests, the arbitrator clarified the award. In that regard, the arbitrator determined that plaintiff was subject to dismissal from all tenured positions and was not entitled to reimbursement for the period during which he was suspended.

In August 2019, plaintiff filed a complaint in the Chancery Division seeking to vacate the arbitration award. Plaintiff asserted that the award was procured by undue means and that the arbitrator had exceeded and imperfectly executed his authority, made mistakes of fact and law, and misapplied the standard for determining unbecoming conduct. In response, the Board moved to dismiss the complaint and confirm the award.

After hearing oral arguments, the Chancery court issued an order on December 20, 2019 dismissing the complaint with prejudice and affirming the arbitration award. In an accompanying written opinion, the court comprehensively reviewed, analyzed, and rejected all of plaintiff's challenges to the award. In its analysis, the Chancery court reviewed the six charges the arbitrator had found, evaluated the evidence supporting those charges, and concluded that there were no grounds to reject the award.

II.

A-2113-19

Plaintiff now appeals from the order of the Chancery court. He makes one argument on this appeal: the arbitration award should be vacated because it was procured by undue means. Specifically, plaintiff asserts that because the arbitrator considered seventeen exhibits that were submitted during the arbitration, the arbitrator violated N.J.S.A. 18A:6-17.1(b)(3). Accordingly, he contends the award should be vacated and the matter remanded for new proceedings. We disagree.

The Tenure Law provides tenured public-school employees with certain procedural and substantive protections from termination. Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017). If a board of education substantiates tenure charges, the charges are submitted to the commissioner. N.J.S.A. 18A:6-11. If the commissioner determines the charges merit termination, the matter is referred to arbitration. N.J.S.A. 18A:6-16.

When the matter is referred for arbitration, the board of education

> shall provide all evidence including, but not limited to, documents, electronic evidence, statements of witnesses, and a list of witnesses with a complete summary of their testimony, to the employee or the employee's representative. The employing board of education shall be precluded from presenting any additional evidence at the hearing, except for purposes of impeachment of witnesses.
>
> [N.J.S.A. 18A:6-17.1(b)(3).]

5

"The arbitrator's determination shall be final and binding" and is "subject to judicial review and enforcement as provided pursuant to N.J.S.A. 2A:24-7 through N.J.S.A. 2A:24-10." N.J.S.A. 18A:6-17.1(e). Sections 24-7 through 24-10 of Title 2A are part of the statute governing mandatory arbitration of collective bargaining agreements. See N.J.S.A. 2A:24-1 to -11.

"Judicial review of an arbitration award is very limited[.]" Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010). "In the public sector, an arbitrator's award will be confirmed 'so long as the award is reasonably debatable.'" Ibid. (quoting Middletown Twp. PBA Loc. 124 v. Twp. of Middletown, 193 N.J. 1, 11 (2007)). The arbitration statute limits a court to four grounds to vacate an arbitration award:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;
>
> d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.

6

[N.J.S.A. 2A:24-8(a) to (d).]

Plaintiff focuses his challenge on undue means. "'[U]ndue means' ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record[.]" Borough of E. Rutherford v. E. Rutherford PBA Loc. 275, 213 N.J. 190, 203 (2013) (first alteration in original) (quoting Off. of Emp. Rels. v. Commc'ns Workers of Am., 154 N.J. 98, 111-12 (1998)); see also Yarborough v. State Operated Sch. Dist. of Newark, 455 N.J. Super. 136, 139-40 (App. Div. 2018).

The arbitrator found that the Board had proven that plaintiff had failed to ensure supervision of a concession stand, leading to a severe injury to a student; made misrepresentations during the investigation of the injury to the student; made a highly inappropriate comment about teachers dating students; failed to enforce snow-day protocols; and failed to ensure that coaches had current CPR and first-aid certifications. The arbitrator also found that those misconducts and omissions established a pattern of unbecoming conduct.

Plaintiff contends that those findings were all procured by undue means because the Board submitted seventeen additional exhibits during the arbitration. The Board did not add a new charge, nor did it materially expand

7

any of the original nine charges. Instead, the record establishes that the additional exhibits were submitted when plaintiff challenged the basis or scope of the Board's charges. In that context, the arbitrator allowed the Board to offer additional exhibits beyond the original twenty exhibits the Board had submitted.

In his comprehensive review of the evidence, the arbitrator relied on the testimony provided and the exhibits originally submitted by the Board. Although the arbitrator also referenced the additional exhibits, those references were in connection with some, but not all, of the charges found. The arbitrator also determined that plaintiff was not prejudiced by the submission of the additional exhibits because he had a full and fair opportunity to dispute all the charges. Moreover, the new exhibits did not raise new charges, nor did they materially expand on the original nine charges.

Plaintiff relies on three decisions by arbitrators who dismissed tenure charges when the Board attempted to submit exhibits in violation of N.J.S.A. 18A:6-17.1(b)(3). See In re Tenure Hearing of Ebert, No. 267-9/14 (N.J. Dep't of Educ. Jan. 30, 2015) (Denenberg, Arb.); In re Tenure Hearing of Gordon, No. 24-1/18 (N.J. Dep't of Educ. Aug. 13, 2018) (Licata, Arb.); and In re Tenure Hearing of Fetty, No. 173-7/19 (N.J. Dep't of Educ. Sep. 3, 2019) (Zudick, Arb.) Initially, we note that these are unpublished decisions that are not binding

authority. Moreover, the decisions all involved pre-hearing procedural violations distinguishable from the issue on this appeal: the submission of additional exhibits during the arbitration. Furthermore, all the decisions relied on by plaintiff involved the arbitrator not accepting the exhibits. Here, by contrast, the arbitrator invited and accepted the exhibits. Arbitrators are vested "with broad discretion over discovery and other procedural matters to 'conduct an arbitration in such manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding.'" Minkowitz v. Israeli, 433 N.J. Super. 111, 144 (App. Div. 2013) (quoting N.J.S.A. 2A:23B-15a). A court's authority to vacate an arbitration award, however, is strictly limited. See N.J.S.A. 2A:24-8(a) to (d).

In short, when reviewed in full context, we discern no undue means tainting the arbitrator's decision. The arbitration award was not based on an acknowledged mistake of fact or law. Instead, plaintiff disputes the facts found by the arbitrator. Neither the Tenure Act nor the governing arbitration statute allows us to vacate the award on a dispute of the factual findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9