**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2039-20

FORESIGHT CONSTRUCTION
LLC,

     Plaintiff-Appellant,

v.

VALLEY RENAISSANCE
URBAN RENEWAL ENTITY,
LLC,

     Defendant-Respondent.

_____

Argued May 24, 2022 – Decided August 22, 2022

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0040-21.

Martin P. Skolnick argued the cause for appellant (Skolnick Legal Group, PC, attorneys; Martin P. Skolnick and Scott H. Bernstein, on the briefs).

Karim G. Kaspar argued the cause for respondent (Lowenstein Sandler LLP, attorneys; Karim G. Kaspar and Craig Dashiell, on the brief).

PER CURIAM

## I.

In 2015, Valley Renaissance Urban Renewal Entity, LLC (VRURE) hired Foresight Construction, LCC (Foresight) as its general contractor to convert an abandoned factory into condominiums. The parties executed a contract whereby VRURE agreed to pay $5,190,000 for Foresight's services. The parties anticipated that project completion time was twelve months. The contract contained other relevant terms language including: a liquidated damages clause for delay; an arbitration clause to settle any disputes stemming from the project; and language awarding attorney's fees to the prevailing party in a dispute. The agreement contained additional language designating the Federal Arbitration Act (FAA) as the law governing the proceedings. Procedurally, the arbitration was to be conducted using the American Arbitration Association's (AAA) Construction Industry Arbitration rules.

Project delays occurred, but by June 2017, VRURE had paid Foresight $5,115,552.78 for construction services rendered. The parties disputed the cause of the delays and who would be responsible for paying related damages. Eventually, VRURE terminated Foresight as general contractor, due to its failure to complete the work.

A-2039-20

In August 2018, Foresight filed suit against VRURE seeking an additional $1.2 million in payments. VRURE moved to compel arbitration, and its motion was granted by the court. Foresight then initiated arbitration proceedings. At arbitration, VRURE counterclaimed against Foresight, seeking damages for Foresight's alleged failure to finish the job. The parties mutually selected Harry E. McLellan, III (McLellan) as their arbitrator. Prior to the hearing, McLellan convened the parties for an initial conference, then had a series of follow-up pre-hearing conferences by phone. McLellan gave the parties three options for rendering an award: a simple abbreviated award, a reasoned award, or an award containing detailed findings of fact and conclusions of law. The parties agreed that McClellan would submit a reasoned award at the conclusion of the arbitration. Further, the parties agreed that expert[1] witnesses could not attend the arbitration hearings during witness testimony and that the hearings would be conducted without a stenographer.

The arbitration hearings took place over five days and were conducted in August and September 2020. At the conclusion of witness testimony, McLellan asked the parties "if they believed that they were afforded a full and fair

---

[1] The parties agreed that only they and their legal representatives could attend the hearings.

A-2039-20

opportunity to present their respective cases." Both parties answered in the affirmative and neither party raised any objections.

In October 2020, McLellan issued a reasoned award, granting Foresight's claim of $343,852.41, representing the balance owed under the contract, and $90,000, representing Foresight's delay damages. McLellan also granted VRURE's set-off claims totaling $426,000. He denied VRURE's claims for liquidated damages and payment under the agreement. Therefore, Foresight's net award was $7,852.41. McLellan denied both parties' requests for attorney's fees and costs because he found no party prevailed.

Foresight filed an order to show cause to vacate the arbitration award. VRURE cross-moved to confirm the award. Prior to argument on the cross-motions, VRURE submitted a certification from McLellan. McLellan stated that he made "complete" professional experience and affiliation disclosures as required by AAA construction arbitration rules. He then detailed the procedural history of the arbitration, from initial conference to issuance of the reasoned award.

In February 2021, the Law Division denied Foresight's motion and granted VRURE's cross-motion. The court made several findings: the contract between the parties called for binding arbitration in the event of a dispute, with no

provision for judicial review; McLellan acted "within his discretion and authority" when he barred the parties' experts from attending the arbitration hearings; neither McLellan's experience in construction law and arbitration nor his alleged failure to disclose his current work or professional affiliations were evidence of bias or corruption; McLellan's certification was not improper, and was "a recitation of events and not a submission in favor of or against either party"; and finally, neither party was a prevailing party and therefore not entitled to fees and costs.

Foresight raises multiple points on appeal, contending the trial court erred by not: overturning certain evidential decisions made by McLellan; finding McLellan exceeded his powers by misinterpreting the parties' agreement and failing to issue a reasoned award; finding McLellan disregarded the law by accepting certain testimony and failing to award attorney's fees to Foresight; determining that McLellan committed misconduct or showed partiality; and in not striking McLellan's certification.

## II.

In reviewing the order confirming the award, we owe no special deference to the trial court's interpretation of the law and the legal consequences that flow from the established facts. <u>Yarborough v. State Operated Sch. Dist. of City of</u>

Newark, 455 N.J. Super. 136, 139 (App. Div. 2018) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  Therefore, we review the trial court's decision on a motion to vacate an arbitration award de novo.  Ibid. (citing Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013)).  This standard is consistent with federal arbitration law, which the parties agreed would apply in the event they had a dispute.  See Metromedia Energy, Inc. v. Enserch Energy Servs., 409 F.3d 574, 579 (3d Cir. 2005) (applying the de novo standard of review in reviewing an order vacating an arbitration award under the FAA).

We defer to a trial court's factual findings if they are supported by substantial, credible evidence in the record.  Lee v. Brown, 232 N.J. 114, 126-27 (2018); Zaman v. Felton, 219 N.J. 199, 215 (2014).  When we compare our use of deference to the federal standard, we find that judicial review of arbitration awards under the FAA is "extremely deferential."  Metromedia Energy, Inc, 409 F.3d at 578 (citation omitted).  "Vacatur is appropriate only in 'exceedingly narrow' circumstances . . . ."  Ibid. (quoting Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003)).  The "exclusive" grounds for vacating an arbitration award are provided in 9 U.S.C. § 10.  Hall St. Assocs., L.L.C. v.

Mattel, Inc., 553 U.S. 576, 584 (2008). Thus, where the FAA controls, an award may be vacated only:

> a. where the award was procured by corruption, fraud, or undue means;
>
> b. where there was evident partiality or corruption in the arbitrators, or either of them;
>
> c. where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> d. where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> [9 U.S.C. § 10.]

"Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 568 (2013) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995)). "When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509

(2001) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 39 (1987)).

In reviewing an application to vacate an arbitration award under the FAA, "courts . . . have no business weighing the merits of the grievance [or] considering whether there is equity in a particular claim."  Ibid. (alteration in original) (quoting Misco, Inc., 484 U.S. at 37).  "Our role in reviewing the outcome of the arbitration proceedings is not to correct factual or legal errors made by an arbitrator."  Major League Umpires Ass'n v. Am. League of Pro. Baseball Clubs, 357 F.3d 272, 279 (3d Cir. 2004).  "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispenses his own brand of industrial justice' that his [or her] decision may be unenforceable."  Garvey, 532 U.S. at 509 (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)).

### III.

Foresight alleges error by McLellan that can be grouped into two areas, errors committed during and after the arbitration hearing.  In each instance, our review leads us to defer to the trial court's findings, because they are supported by substantial, credible evidence in the record.  Lee, 232 N.J. at 126-127.

Foresight argues that McLellan committed two evidential errors during the hearing. First, it contends McLellan should have barred VRURE's damage proofs because their documentary proofs at arbitration were not appended to a certification or affidavit. Foresight posits that McLellan's failure to bar the evidence represented a "disregard of the law" sufficient to vacate the award under 9 U.S.C. § 10. Second, Foresight contends that VRURE provided an insufficient foundation for the admission of certain punch list proofs. Foresight argues that McLellan's admission and consideration of these proofs should result in vacation of the award. We are not persuaded.

The parties agreed to conduct the arbitration using AAA's construction arbitration rules. Rule 35[2] of the rules provides in pertinent part:

> (a) The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformity to legal rules of evidence shall not be necessary.
>
> (b) The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered.

---

[2] Construction Industry Arbitration Rules and Mediation Procedures, AMERICAN ARB. ASS'N (July 1, 2015), www.adr.org/construction.

The record shows that McLellan admitted both parties' submissions into evidence pursuant to his discretion and authority under Rule 35. Foresight has not made a showing under 9 U.S.C. § 10 to support vacating the award based on evidence related error.

Foresight next argues that McLellan erred by ignoring the plain language of the construction agreement. Foresight posits that VRURE failed to act on its set-off claims within twenty-one days of learning about them, thereby waiving the claims pursuant to the agreement. They also contend McLellan failed to add interest to their damages award as required under the agreement.

Foresight's arguments do not fall into the parameters of the statute that would permit this court to vacate the arbitration award. See 9 U.S.C. § 10. McLellan heard all the evidence and rendered an award. We do not find McLellan "so imperfectly executed [his powers] that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(d).

Foresight next argues that the award should be vacated because McLellan failed to issue a "reasoned award." We disagree. The parties agreed at the initial case management conference to accept a reasoned award from McLellan. Their award options under Rule 47 of AAA's construction arbitration rules included "a reasoned opinion, an abbreviated opinion, [or] findings of fact [and]

conclusions of law."  The record shows that McLellan issued a reasoned award consistent with the parties' agreement and the AAA rules.

Finally, Foresight argues the award should be vacated because McLellan failed to award it attorney's fees and costs as a prevailing party.  Once again, we are not persuaded.  McLellan's award was partly in favor of Foresight, and partly in favor of VRURE.  He concluded that neither party prevailed, and therefore he made no award of attorney's fees.  Foresight has not demonstrated any violation of the FAA to vacate the award.

Foresight has failed to meet its burden to show that any of the criteria for vacating an arbitration award under 9 U.S.C. § 10 have been met.  As our review of an arbitration award is extremely deferential, Metromedia Energy, Inc, 409 F.3d at 578, we see no reason to disturb the arbitrator's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2039-20