NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1343-16T4

LEONARD YARBOROUGH,

    Plaintiff-Appellant,

v.

STATE OPERATED SCHOOL DISTRICT
OF THE CITY OF NEWARK, ESSEX
COUNTY,

    Defendant-Respondent.

> APPROVED FOR PUBLICATION
>
> June 8, 2018
>
> APPELLATE DIVISION

Argued February 27, 2018 — Decided June 8, 2018

Before Judges Fisher, Sumners[1] and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5629-16.

Charles I. Auffant argued the cause for appellant (Stuart Ball, LLC, attorneys; Charles I. Auffant, on the brief).

Ramon E. Rivera argued the cause for respondent (Scarinci & Hollenbeck, LLC, attorneys; Ramon E. Rivera, of counsel; Shana T. Don, on the brief).

The opinion of the court was delivered by

MOYNIHAN, J.S.C. (temporarily assigned).

---

[1] Judge Sumners did not participate in oral argument but has, with the consent of counsel, been added to the panel deciding this matter.

Leonard Yarborough, a third-grade teacher for the State Operated School District of the City of Newark, Essex County (District), appeals from the trial court's order denying his motion to vacate, effectively confirming that portion of an arbitration award and decision imposing a 120-day suspension without pay after the arbitrator found Yarborough culpable of a conduct-unbecoming tenure charge for inflicting corporal punishment on two students in contravention of N.J.S.A. 18A:6-1.

Yarborough contends the trial court erred in failing to vacate the arbitration award because the court: misinterpreted the entire controversy doctrine (ECD) which should have precluded the District from prosecuting the tenure charge; failed to consider "fundamental legal principles" such as the doctrines of industrial double jeopardy, estoppel, laches, waiver and unclean hands; and failed to find the arbitration award was procured by undue means, N.J.S.A. 2A:24-8, because, "[e]ven if the charge of conduct unbecoming was properly before the [a]rbitrator, the [a]ward is not supported by a preponderance of the evidence standard."

We are not persuaded that the ECD precludes the prosecution of the conduct-unbecoming charge; nor are we persuaded that the arbitrator's award was procured by undue means and affirm.

A-1343-16T4

"Judicial review of an arbitration award is very limited." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010)). "An arbitrator's award is not to be cast aside lightly. It is subject to being vacated only when it has been shown that a statutory basis justifies that action." Ibid. (quoting Kearny PBA Local # 21 v. Town of Kearny, 81 N.J. 208, 221 (1979)).

In reviewing the award confirmation, we owe no special deference to the trial court's interpretation of the law and the legal consequences that flow from the established facts. Town of Kearny v. Brandt, 214 N.J. 76, 92 (2013) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). We thus review the trial court's decision on a motion to vacate an arbitration award de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013).

The court may vacate an arbitration award "[w]here the award was procured by . . . undue means." N.J.S.A. 2A:24-8(a). "'[U]ndue means' ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 203 (2013) (alteration in original) (quoting Office of Emp.

Relations v. Commc'ns Workers, 154 N.J. 98, 111 (1998)). We perceive neither a mistake of law nor a mistake of fact in the record.

We turn first to the issue of whether the ECD precludes the District from bringing the conduct-unbecoming charge. The ECD is equitably rooted; its applicability is left to judicial discretion based on the particular circumstances in a given case. Mystic Isle Dev. Corp. v. Perskie & Nehmad, PC, 142 N.J. 310, 322-23 (1995); DiTrolio v. Antiles, 142 N.J. 253, 275 (1995). In Kavanaugh v. Quigley, 63 N.J. Super. 153, 158 (App. Div. 1960) (citations omitted), we held:

> It is well settled that discretion means legal discretion, in the exercise of which the trial judge must take account of the law applicable to the particular circumstances of the case and be governed accordingly. . . . [I]f the trial judge misconceives the applicable law, or misapplies it to the factual complex, in total effect the exercise of the legal discretion lacks a foundation and becomes an arbitrary act, however conscientious may have been the judge in the performance of it. When this occurs it is the duty of the reviewing court to adjudicate the controversy in the light of the applicable law in order that a manifest denial of justice be avoided.

As he did before the arbitrator and the trial court, Yarborough contends the District's conduct-unbecoming charge is precluded under the ECD because the precipitating events — the corporal punishment of the students on October 21, 2013 and

February 28, 2014 — predated prior tenure actions instituted against him on October 9, 2014 and January 26, 2015, during which the present charge should have been brought. We reject Yarborough's proposed application of the ECD as overextended.

We previously synopsized the recognized rationale for the ECD:

> Our Supreme Court has stated that the [ECD] "seeks to further the judicial goals of fairness and efficiency by requiring, whenever possible, 'that the adjudication of a legal controversy should occur in one litigation in only one court.'" Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, PC, 142 N.J. 280, 289 (1995) (quoting Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15 (1989)). The objectives behind the doctrine were outlined in DiTrolio, 142 N.J. at 267[,] as follows: "(1) the need for complete and final disposition through the avoidance of piecemeal decisions; (2) fairness to parties to the action and those with a material interest in the action; and (3) efficiency and the avoidance of waste and the reduction of delay."
>
> [Hynes v. Clarke, 297 N.J. Super. 44, 55 (App. Div. 1997).]

Yarborough seeks to relate our holding that "under the proper circumstances the [ECD] is correctly applied to arbitration proceedings," Shoremount v. APS Corp., 368 N.J. Super. 252, 255 (App. Div. 2004), but fails to relate our tempering language that the ECD should not be "imported wholesale into [those] proceedings," id. at 256. We previously

noted that arbitration — with its ordinarily narrow-framed issues — "does not provide a forum conducive to extensive issue . . . joinder." Jersey City Police Officers Benevolent Ass'n v. City of Jersey City, 257 N.J. Super. 6, 14 (App. Div. 1992). Especially with regard to limited-issue arbitration, we warned "[t]he preclusionary consequences of the [ECD] must consequently be cautiously applied to litigation involving" those arbitrations. Id. at 14-15.

The prior tenure arbitrations against Yarborough were based solely on his alleged inefficiency. The arbitrator found the inefficiency charges brought in the January 26, 2015 matter made

> the same factual allegations as those stated in the original charges [filed on October 9, 2014]. It was specifically alleged that Yarborough demonstrated an inability to completely and responsibly execute his duties as a teacher and enumerated failures to implement curricular goals and objectives, design coherent instruction, access student learning, create an environment of respect and rapport, manage student behavior, etcetera. It was further alleged that [Yarborough] received an Ineffective rating for the 2012-2013 school year in an Annual Summative Evaluation and received a Partially Effective rating for the 2013-2014 school year in an [A]nnual Summative Evaluation.

The limited scope of both arbitrations militates against application of the ECD.

6

We note the Legislature provided special procedures for the arbitration of inefficiency charges under N.J.S.A. 18A:6-117 to -129 — the Teacher Effectiveness and Accountability for the Children of New Jersey (TEACHNJ) Act. N.J.S.A. 18A:6-17.1 to -17.3. The provisions include a limited scope of issue-review, N.J.S.A. 18A:6-17.2(a), (b) and (c); a specified burden of proof imposed on a board of education, N.J.S.A. 18A:6-17.2(d); and a specified time frame for hearing and rendering a written decision, N.J.S.A. 18A:6-17.2(e). Given the strictures imposed on inefficiency arbitrations, we conclude such proceedings are not conducive to the inclusion of other charges, including conduct unbecoming.

Further, we perceive little or no transactional nexus between inefficiency charges and conduct-unbecoming charges based on the infliction of corporal punishment that would warrant application of the ECD. See Alpha Beauty Distribs., Inc. v. Winn-Dixie Stores, Inc., 425 N.J. Super. 94, 104 (App. Div. 2012) ("In determining what constitutes a single controversy, courts 'look at the core set of facts that provides the link between distinct claims against the same or different parties.'" (quoting Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 244 (App. Div. 2002))). The former generally involve the assessment of teaching evaluations, see

N.J.S.A. 18A:6-17.2(a)(1) to (2), -17.2(b), -17.3; the latter, evidence of physical force or punishment, except when statutorily justified, N.J.S.A. 18A:6-1.

We previously observed the ECD was "intended to compel the adjudication of all components of a legal controversy in a single litigation as a matter of fairness to the parties and protection of the judicial system from unnecessary waste, inefficiency, and delay." Jersey City Police Officers Benevolent Ass'n, 257 N.J. Super. at 13. We do not see the inefficiency claim and the conduct-unbecoming claim as being part of the same controversy. Nor, in light of their discrete factual bases and the separate procedural rules for inefficiency matters, do we see that separate proceedings caused waste, inefficiency or delay.

Our decision renders it unnecessary to address the merits of the rulings by both the trial court and the arbitrator that the ECD was inapplicable because the prior tenure hearings were not fully arbitrated. The October 9, 2014 matter was dismissed on Yarborough's motion after the arbitrator determined the District — as had been previously determined in prior arbitrations in which the District made the same allegations — could not use 2012-2013 evaluations to prove teacher inefficiency under the TEACHNJ Act. The arbitrator dismissed

the January 26, 2015 charges, invoking the ECD in determining it would be "a denial of fundamental fairness to force [Yarborough] to defend . . . an action regarding the identical facts [as in the October 9, 2014 matter] which would deny him of his position a second time."  While the ECD's "application requires, as a matter of first principle, that the party whose claim is being sought to be barred must have had a fair and reasonable opportunity to have fully litigated that claim in the original action," Cafferata v. Peyser, 251 N.J. Super. 256, 261 (App. Div. 1991), we do not know if the arbitrator would have dismissed a conduct-unbecoming charge if it had been included in either of the prior arbitrations.  Our ruling that it need not have been included obviates our contemplation.

We conclude the rejection of Yarborough's ECD argument was not a mistake of law or an abuse of discretion.  We briefly note Yarborough's conflation of the ECD and res judicata, and determine any argument based on res judicata to be without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).  No issue of fact was ever before an adjudicator; no issue of fact was litigated; and no issue of fact was ever found.

We also find meritless Yarborough's argument that the award was procured by undue means because the evidence did not prove

the conduct-unbecoming charge by a preponderance of the evidence. As Judge Thomas R. Vena noted in his written decision, the arbitrator's comprehensive findings of fact, crediting the testimony of the school principal as to both incidents of corporal punishment, well supported the conduct-unbecoming charge. The keen assessment of law and fact set forth by Judge Vena in his opinion lead us to conclude that the arbitrator's findings were supported by a preponderance of the evidence; we cannot improve on his analysis.

Plaintiff never raised the preclusive effects of the doctrines of industrial double jeopardy, estoppel, laches, waiver and unclean hands prior to this appeal. We will not address them here. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION