**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2706-18T3

ALLSTATE,

     Plaintiff-Respondent,

v.

GLOBAL LIBERTY INSURANCE
COMPANY OF NEW YORK,

     Defendant-Appellant.

_____

Argued October 29, 2019 – Decided November 22, 2019

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2257-16.

Jason Tenenbaum argued the cause for appellant.

William Hahn argued the cause for respondent (Tango Dickinson Lorenzo McDermott & McGhee, LLP, attorneys; William Hahn, on the brief).

PER CURIAM

Defendant Global Liberty Insurance Company (Global) appeals from the February 15, 2019 Law Division order confirming the arbitration award entered by Arbitration Forums, Inc. (AFI) on June 10, 2016, in favor of plaintiff, Allstate, and entering judgment against Global. We affirm substantially for the reasons set forth in the February 15, 2019 order and March 5, 2019 supplemental letter and statement of reasons rendered by Judge William J. McGovern, III.

The parties are familiar with the procedural history and facts of this case and, therefore, they will not be repeated in detail here. In Allstate v. Glob. Liberty Ins. Co., No. A-4956-16 (App. Div. July 11, 2018) (slip op. at 16-17), we determined that the New Jersey Superior Court maintained exclusive jurisdiction in this matter, the New York proceeding was invalid, and Allstate's motion to enforce the arbitration award was not barred by the doctrine of res judicata. We remanded and directed the trial court to determine whether the arbitration award entered by AFI should be affirmed, vacated, or modified. We incorporate, by reference, the facts stated in our prior opinion to the extent they are consistent with those developed on remand.

Following our remand, Allstate moved to confirm the arbitration award and enter judgment against Global. Global argued that since it commenced its New York proceeding within 120 days of the June 10, 2016 arbitration award,

it complied with the time requirement set forth in N.J.S.A. 2A:23B-23(b). In granting Allstate's motion, Judge McGovern found Global:

> fail[ed] to advance any argument or explanation as to how or why Global failed or neglected to seek to vacate the arbitration award within the 120[-]day period, or alternatively, why or under what rationale the 120[-]day deadline should be extended. It is in that context noteworthy and disturbing that now belatedly Global seeks to vacate the arbitration award.

The judge determined that the "New York proceedings were conducted in violation of the procedural and substantive due process rights of Allstate, and as the Appellate Division noted . . . , the explanations offered by Global's counsel were less than persuasive at best, and patently disingenuous at worst."

In considering Global's arguments, Judge McGovern stated:

> Global now contends that the errors of the arbitrator, in concluding that the referenced vehicle was a limousine and thereby activating insurance coverage up to $1.5 million, were wrong, that the arbitration award was based upon an erroneous application of the law.
>
> But Global offers nothing by way of explanation as to why these arguments were not advanced on a timely basis together with a timely motion to vacate the arbitration award. No reason is offered as to why these very same arguments could not have been made on a timely basis and that is because, of course, they could have been and should have been asserted, but they were not. To allow these arguments and positions to be asserted now, well after the 120 days has elapsed,

A-2706-18T3

> would eviscerate the 120[-]day statutory deadline and render it meaningless.

Judge McGovern granted Allstate's motion and entered judgment against Global for $208,622.70.

On appeal, Global argues that this court's remand required the trial court to resolve its order to show cause and complaint on the merits. Global also contends the matter should be remanded for another hearing before AFI. We have thoroughly reviewed the record and conclude these arguments are without merit.

As we stated previously, this matter was properly arbitrated with AFI in accordance with N.J.S.A. 39:6A-9.1(b). The arbitrator heard the parties' arguments and rendered a final decision in favor of Allstate.

The Arbitration Act allows an aggrieved party to seek relief in the Superior Court as follows:

> A summary action pursuant to this section shall be filed within 120 days after the aggrieved party receives notice of the award . . . or within 120 days after the aggrieved party receives notice of a modified or corrected award . . . , unless the aggrieved party alleges that the award was procured by corruption, fraud, or other undue means, in which case the summary action shall be commenced within 120 days after the ground is known or by the exercise of reasonable care would have been known by the aggrieved party.

A-2706-18T3

[N.J.S.A. 2A:23B-23(b) (emphasis added).]

Global claims that its motion to vacate the arbitration award in New York is "the equivalent of a summary action[,]" in New Jersey and therefore, it complied with the 120-day time limit set forth in N.J.S.A. 2A:23B-23(b). We are convinced Global's argument is devoid of merit. There was no basis under N.J.S.A. 2A:23B-23(b) for Global to move for relief in any jurisdiction other than the Superior Court of New Jersey.

We reiterate that the No-Fault Act "confirmed jurisdiction of the PIP arbitration in New Jersey, since the accident occurred here, and it was so ordered by a judge of this [s]tate, and remanded back to our [s]tate court by a federal judge." Allstate, slip op. at 11-12. Global's New York application is irrelevant and not encompassed by the 120-day requirement set forth in N.J.S.A. 2A:23B-23(b).

As Judge McGovern aptly noted, "at no time has Global moved or cross-moved, by formal motion, or pleading to vacate (or modify) the arbitration award of June 10, 2016." Moreover, Global never appealed the October 23, 2015 order compelling arbitration in New Jersey with AFI.

Because Global failed to file a summary action within 120 days after receiving notice of the award, there is simply no basis under N.J.S.A. 2A:23B-23(b) to vacate it.

Next, Global argues the arbitration award should be vacated because the arbitrator erroneously characterized the tortfeasor's vehicle as a limousine requiring insurance coverage "to the full and collectible amount of $1.5 million" under N.J.S.A. 48:16-14. Allstate argued at arbitration that the vehicle was a limousine and Global argued it was a taxi. Now, for the first time on this appeal, Global asserts its insured's vehicle was not a taxi but a livery vehicle.

Because Global failed to challenge the validity of the arbitrator's determination within 120 days of notification of the same, we do not need to reach this issue. The arbitrator's decision is final.

Finally, Global argues the award should be vacated because it was procured by undue means. We disagree. "'[U]ndue means' ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record." Yarborough v. State Operated Sch. Dist. of Newark, 455 N.J. Super. 136, 140 (App. Div. 2018) (alteration in original) (quoting Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 203 (2013)).

Because Global did not seek to vacate the arbitration award, we do not need to address this argument. We only note that Global has not established the arbitrator made an acknowledged mistake of law. Thus, we find no merit in Global's argument that a remand for another hearing before AFI is warranted.

To the extent we have not specifically addressed any remaining contentions advanced by Global, it is because they are without specific merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION