**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3105-18T2

LINDA LITTON,

    Plaintiff-Respondent,

v.

YEHUDA BEN LITTON,

    Defendant-Appellant.

_____

        Submitted November 5, 2020 – Decided  December 4, 2020

        Before Judges Fuentes and Whipple.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-1374-08.

        Senoff & Enis, attorneys for appellant (Michael J. Gunteski, on the brief).

        Respondent has not filed a brief.

PER CURIAM

    Defendant Yehuda Ben Litton appeals the Family Part's February 8, 2019, order denying his post-judgment motions, which largely reiterated previous

assertions that the matrimonial arbitration award his former spouse received was procured by corruption, fraud, or other undue means. Defendant also argues that the award from Rabbi Mendel Epstein and the other two Beth Din panelists was in violation of N.J.S.A. 2A:23B-23 because of Epstein's corrupt and biased practices. We affirm.

We have previously addressed these allegations in Litton v. Litton, A-0750-15 (App. Div. Feb. 17, 2017) (slip op. at 1), cert. denied, 230 N.J. 569 (2017), wherein we affirmed the Family Part's order denying defendant's relief, noting that "[t]here is no evidence plaintiff paid Rabbi Epstein to obtain a higher arbitration award." Litton, slip op. at 4. Because of this, we held that "the motion to vacate the arbitration award was properly denied." Ibid.

Currently, defendant seeks another bite at the apple. He filed the November 9, 2018, motion asking the court to vacate all support arrears and associated enforcement measures while reinstating his passport because, he argues, "the award was procured by corruption, fraud, or other undue means." Alternatively, defendant requested a plenary hearing, $500,000 in attorney's fees, relief from enforcement of his obligations by authorities, closure of his support account in the probation office, removal of any attorney's fees award from the reach of creditors through bankruptcy by considering them support,

opening an account for his reimbursement as noted above and any other relevant

equitable relief. The court denied all of these requests due to insufficient

evidence or mootness. The reasons given by the trial court are explained in the

November 9 order. After recounting the salient factual and procedural history,

Judge Patricia Carney wrote:

> [D]efendant provided no proof of [his] allegation[s] nor that same was a factor in his [a]rbitration proceeding . . . . In addition, defendant certifies that he served Rabbi Epstein with [d]emands for [a]dmissions in a companion civil case for tort and civil damages, but Rabbi Epstein failed to respond. Defendant then sent a second set of [d]emands for [a]dmissions, on May 2, 2018, essentially demanding that Rabbi Epstein admit to colluding with plaintiff to rule against defendant during the arbitration proceeding. Rabbi Epstein responded to the vast majority of the questions indicating that he had "insufficient knowledge" to answer. In addition, the Appellate Division found that defendant offered no proof that the award decided by the rabbinical panel was procured by fraud or corruption, or based upon the partiality of the arbitrators. Or that the [r]abbi had a financial or personal interest in the arbitration award. There was no evidence the plaintiff paid Rabbi Epstein to obtain a higher award. Moreover, the [a]rbitration proceedings in this matter occurred over [ten] years ago. Further, as stated above, in 2015 the defendant sought to vacate the [a]rbitration [award] on the same grounds. Same was denied by the trial court and affirmed by the Appellate Division in 2017[,] citing the defendant's failure to provide any evidence the [a]rbitration [a]ward was the product of fraud or coercion by Rabbi Epstein and no causal link between the parties' arbitration decision and

A-3105-18T2

Rabbi Epstein's charges. The [c]ourt found that the charges against Rabbi Epstein, even if convicted[,] did not cast doubt on the [a]rbitration [a]ward. Moreover, the arbitration was conducted by a panel, the [a]ward was unanimous[,] and only Rabbi Epstein had subsequently been charge[d] with unrelated criminal conduct. Additionally, the [c]ourt found that the reduction of the defendant's child support obligation was not sufficient proof of bias or corruption to warrant a plenary hearing. Consequently, defendant's support arrears shall not be vacated.

The court also denied all of defendant's other requests because defendant had not set forth a sufficient factual or legal basis for the relief requested.

This appeal followed.

When reviewing an arbitration award, New Jersey appellate courts "owe no special deference to the trial court's interpretation of the law and the legal consequences that flow from the established facts." Yarborough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018) (citing Town of Kearny v. Brandt, 214 N.J. 76, 92 (2013)). Thus, we "review the trial court's decision on a motion to vacate an arbitration award de novo." Ibid. (citing Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013)).

Defendant argues he made prima facie showing of fraud. To this end, defendant contends that "the findings of the Beth Din in the within matter were

4

false" and "plaintiff, through Rabbi Epstein, had an intention to rely on the fraudulent findings in order to support and confirm a support obligation that was impossible to meet."

Defendant does not outline a specific ground for his allegation of fraud, nor does he carry his "heavy burden". Del Piano v. Merrill Lynch, Pierce, Fenner & Smith Inc., 372 N.J. Super. 503, 510 (App. Div. 2004). Defendant alleges that because "Rabbi Epstein built an empire and a criminal enterprise based upon kidnapping, fraud, intimidation and corruption specifically and exclusively in matters of religious divorces" that the award in his case must have been affected. However, this reads as, and is, a bald assertion that we rejected in his previous appeal.

Defendant contends that because Rabbi Epstein was convicted of criminal actions related to divorce proceedings, the award here must have been the product of corruption. While recounting the circumstances of Rabbi Epstein's arrest and conviction, again, defendant concludes by determining that "the Beth Din was run by a convicted criminal and certainly did not find the truth in this matter." We also rejected this argument in his previous appeal.

To bolster his position, defendant offers that Rabbi Epstein was served with [d]emands for [a]dmission under Rule 4:22-1 in a "[c]ivil [c]ase filed

5

against him."  However, these are within an unrelated suit against Rabbi Epstein and others.

Rule 4:22-1 does allow "a party" to serve upon "any other party" a written request for admission, "for the purpose of the pending action only."  R. 4:22-1. Here, there are only two parties to the action, Linda and Yehuda B. Litton.  Rabbi Epstein is not a party to this matter, and accordingly, the admissions do not assist defendant here.

Defendant's other arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-3105-18T2