**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0930-22

RIDGEFIELD PARK PBA
LOCAL 86,

     Plaintiff-Appellant,

v.

VILLAGE OF RIDGEFIELD
PARK,

     Defendant-Respondent.

_____

     Submitted January 17, 2024 – Decided March 4, 2024

     Before Judges Whipple and Mayer.

     On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5647-21.

     Limsky Mitolo, attorneys for appellant (Merick Harlan Limsky, on the briefs).

     Boggia Boggia & Betesh, LLC, attorneys for respondent (Philip N. Boggia, on the brief).

PER CURIAM

This appeal, which returns to us after remand, is from an October 17, 2022 order denying an application to vacate an arbitrator's award. A dispute arose between Ridgefield Park PBA Local 86 (PBA), and the Village of Ridgefield Park (Village), regarding the Village's requirement that retired PBA employees contribute toward their health benefit premiums under its collective bargaining agreement. We affirm for the reasons expressed by Judge Robert C. Wilson in his opinion issued the same date.

By way of background, the PBA is a public organization and the majority representative of all patrolmen and sergeants of the Village of Ridgefield Police Department. Its members work for the Village. The two parties are subject to a series of collectively negotiated labor agreements (CNLAs), with the most recent covering January 1, 2019, to December 31, 2024 (the Agreement).

The Agreement contains a grievance procedure to resolve disputes between the parties. If unresolved by other means, the Agreement requires the parties submit the matter to the Public Employment Relations Commission (PERC) for arbitration. The Agreement also provides, in Article XVIII, for medical insurance benefits for members and certain retirees.

A-0930-22

On June 28, 2011, L. 2011, c. 78 (Chapter 78) took effect. Chapter 78 requires all public employees and retirees to contribute a percentage of the cost of their health insurance. N.J.S.A. 40A:10-21.1. Chapter 78 includes a grandfather clause so employees with twenty or more years of service on the effective date of the enacted law would not be subjected to the provision requiring health insurance contribution. N.J.S.A. 40A:10-21.1(b)(3). In response to statutory changes, in the 2011 through 2014 collective negotiation agreement, the parties agreed to amend language in the CNLA to reflect that all employees of the Village who retired on or after June 15, 2012, would receive the same benefits in retirement as active officers. This language was included in future CNLAs signed by the parties, including the January 1, 2019, to December 31, 2024 Agreement at the center of this appeal.

On June 15, 2020, Sergeant Alfonso Locarno announced he would retire on August 1, 2020. The Village sent Locarno a memo informing him he would retain his health care benefit but would need to contribute to the cost. Sergeant Locarno and the PBA objected, asserting he was entitled to fully paid medical benefits. When Chapter 78 went into effect, Sergeant Locarno—who was hired in 1998—had been with the PBA for thirteen years. Thus, he was

not part of the grandfathered members exempt from health care contributions under N.J.S.A. 40A:10-21.1.

The PBA filed a grievance asserting officers who previously retired from the Village received fully paid medical benefits. The PBA argued retirees were not required to make any contributions to their health benefit costs. The Village countered that per the updated statutes, those members retiring after the statutory date were to make the same contributions to their health care costs as active employees. The matter was arbitrated pursuant to the rules adopted by PERC. The parties disagreed to the framing of the issues but, ultimately, the arbitrator was tasked with determining whether the Village violated the Agreement by requiring the retiring members to pay a portion of their health benefit cost at the active employee level.

The matter was heard by Arbitrator Gary Kendellen, who ruled in favor of the Village. The Arbitrator found the Village did not violate the terms of the CNLA. The Arbitrator ruled the Village's interpretation of the CNLA—as requiring retirees to contribute to the cost of health insurance premiums at the same level as current employees—was an appropriate interpretation of the contract and consistent with applicable law. The Arbitrator determined Chapter 78 changed the landscape for retiree health benefits for local

4

governments. Chapter 78 provided that all local law enforcement retirees who were not grandfathered as having twenty pensionable years of service as of the effective date of the law would be required to contribute towards the cost of health insurance premiums in retirement. Sergeant Locarno did not meet this requirement. The Arbitrator concluded the PBA's statutory framework arguments did not overcome the evidence Village had offered that supported its interpretation and application of Article XVIII's provisions.

After the Arbitrator's award, the PBA filed a Verified Complaint and Order to Show Cause to vacate the award. The trial judge initially dismissed the PBA's Order to Show Cause, but this court reversed and remanded on procedural grounds, Ridgefield Park PBS Local 86 v. Village of Ridgefield Park, No. A-0359-21 (App. Div. July 5, 2022) (slip op. at 7). On October 17, 2022, Judge Wilson denied the request finding no sufficient grounds to vacate the arbitration award. This appeal followed.

New Jersey law strongly favors enforcing arbitration awards and grants these awards considerable deference to promote arbitration as a judicially efficient dispute-resolution method. Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013). As such, "arbitration

awards are given a wide berth, with limited bases for a court's interference." Ibid.

"[W]hen a court reviews an arbitration award, it does so mindful of the fact that the arbitrator's interpretation of the contract controls." Ibid. Using the "'reasonably debatable' standard, a court reviewing [a public-sector] arbitration award 'may not substitute its own judgment for that of the arbitrator, regardless of the court's view of the correctness of the arbitrator's position.'" Id. at 202 (alterations in original) (citing Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 11 (2007) (quoting N.J. Transit Bus Operations v. Amalgamated Transit Union, 187 N.J. 546, 554 (2006))).

There are, however, four statutory bases for vacating an arbitration award:

> (a) Where the award was procured by corruption, fraud[,] or undue means;
>
> (b) Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence . . . or of any other misbehaviors prejudicial to the rights of any party;
>
> (d) Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final[,] and

6

definite award upon the subject matter submitted was not made.

[N.J.S.A. 2A:24-8(a)-(d).]

Additionally, an award may be vacated if it's "contrary to existing law or public policy." Middletown Twp., 193 N.J. at 11 (citation omitted). However, the courts read this public policy exception narrowly. Borough of E. Rutherford, 213 N.J. at 202. "Public policy is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." Id. at 202-03 (internal citation omitted). Even with this public policy exception, the "deferential 'reasonably debatable' standard still governs." Id. at 203.

Moreover, "the party opposing confirmation ha[s] the burden of establishing that the award should be vacated pursuant to N.J.S.A. 2A:24-8." Twp. of Wyckoff v. PBA Local 261, 409 N.J. Super. 344, 354 (App. Div. 2009) (alteration in original) (quoting Jersey City Educ. Ass'n v. Bd. of Educ. of City of Jersey City, 218 N.J. Super. 177, 187 (App. Div. 1987)). A trial court's decision to confirm or vacate an arbitration award is reviewed de novo. Yarbough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018).

A-0930-22

The PBA contends Judge Wilson did not utilize the proper standard when assessing the Arbitrator's award. We disagree. Judge Wilson correctly utilized and analyzed the Arbitrator's award under the "reasonably debatable" standard. Under N.J.S.A. 2A:24-8, the court can vacate an award in certain instances, such as when an "award [is] procured by corruption, fraud or undue means." The PBA argues the judicial review of an arbitration award in the public sector is limited to determining whether there has been a mistake of law. We agree with Judge Wilson's finding the Arbitrator's award conformed to a reasonably debatable interpretation of the Agreement when considering the updates to Chapter 78.

The PBA additionally argues the Arbitrator made inconsistent findings of fact. However, the PBA's arguments suggest an incorrect reading of the Arbitrator's award. Because Sergeant Locarno retired in 2020, we first look at the Agreement effective January 1, 2019, through December 31, 2024. Article XVIII of the Agreement covers the medical, dental, vision, and life insurance benefits. The language under subsection C, states the Village "shall pay insurance benefits for employees . . . with twenty-five (25) years or more of service . . . in accordance with the Village's health coverage that is provided to

8

employees and their dependents and the provisions of N.J.S.A. 40A:10-23(a)-(c)."

Section F covers that an employee "who has been employed for twenty (20) years may receive as a credit towards his [twenty-five] years of service under paragraph C above five [] years of service with any other government agency . . . .  The five years of service must have been for full time employment."  Furthermore, the Agreement provides "[a] police officer who has been in active services of the Village . . . for twenty-five (25) years or with [twenty] 20 years active service with the Village . . . and five (5) years [credited] . . . shall be entitled to paid medical upon retirement."  Lastly, the Agreement states, under section H, "[e]mployees retiring on or after June 15, 2012 shall receive the same benefits in retirement . . . as provided to active officers."

The PBA avers that the Arbitrator interpreted the Agreement inconsistently, and thus the interpretation was "reasonably debatable."  The PBA contends the Arbitrator on one hand accepted that benefits were fully paid and as such, cannot on the other hand accept that those outside of twenty years of service would have to contribute to their health care.  This is a misinterpretation of the Arbitrator's ruling.  The Arbitrator did not state the

Agreement provided for fully paid benefits. Instead, the Arbitrator acknowledged the absence of the words full, fully, partial, or partially. The Arbitrator took all the relevant provisions and read them together to make the reasonably debatable finding that, like current active employees, some retirees also had to pay a portion of their insurance. The arbitrator did not create any new provisions or ignore any clear provisions, and his interpretation is plausible when considering Chapter 78 and the Agreement in its entirety.

Though Article XVIII does not differentiate between grandfathered and non-grandfathered retirees, the article states the Village will pay in accordance with N.J.S.A. 40A:10-23. N.J.S.A. 40A:10-23 requires employees with less than twenty years of service—at time the legislation went into effect—make health insurance contributions. Because Sergeant Locarno had only served thirteen years when the provision went into effect, he was not exempt from the provision as he did not have enough service time. Therefore, he was subject to the statute requiring employees pay a portion of their benefits.

Moreover, paragraph H states those retiring on or after June 15, 2012, would receive the same benefits as provided to active officers. Paragraph C requires active employees to pay a portion of their health benefits based on the provisions of the statute. Because Sergeant Locarno was subject to N.J.S.A.

10

40A:10-23—based on the conclusion retirees receive the same benefits as active officers—the Arbitrator's interpretation that Sergeant Locarno be treated the same as an active officer and be required to contribute a portion of his health care costs is reasonably debatable.

The PBA next argues the Arbitrator ignored the clear and unambiguous language of the Agreement in Article XVIII, paragraph C, which mandates the employer will "pay" for medical and dental benefits. Subsection C states "[t]he Village . . . shall pay insurance benefits for employees of the Ridgefield Park Police Department with twenty-five (25) years or more of service . . . ." Section G states an officer "who has been in active service . . . shall be entitled to paid medical upon retirement."

The PBA asserts the 2011 to 2014 collective negotiations agreement "amended, removing language regarding the employer enrolling in State Health Benefits Plan. In its place, Subsection I was changed so '[e]mployees retiring on or after June 15, 2012 shall receive the same benefits in retirement (to the extent qualified) as provided to active officers.'" The language remained the same through the next collective bargaining agreement, and continues to read the same, with the exception of Subsection I now being

language of section H.  The PBA contends section C and section G required insurance benefits to be paid.  We disagree.

The Arbitrator interpreted the Agreement in conjunction with the updated statute.  See PBA Local 160 v. Twp. of N. Brunswick, 272 N.J. Super. 467, 574 (App. Div. 1994).  The Agreement references the contributions updated in Chapter 78, given the Agreement's reference to N.J.S.A. 40A:10-23 and the updates to paragraph C and the inclusion of paragraph H.  There may be no distinction in the treatment between retirees and active employees, but there is such distinction for the retirees who meet the grandfathered exception.  Overall, the Arbitrator's interpretation harmonizes past retiree benefits, the updates to Chapter 78 to include retiree care contributions, and the Agreement's requirement that retirees receive the same benefits as active officers.

We conclude there is no conflict in the interpretation by the Arbitrator, nor is there any rewriting of the Agreement, as the award draws from the essence of said Agreement.  We agree with Judge Wilson's determination: nothing in the record demonstrates that the Arbitrator made a mistake of law, as he did not add or ignore terms in the Agreement, and, therefore, the award is reasonably debatable.

A-0930-22

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION