**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3100-23

A&A CONSTRUCTION GROUP
CORP.,

    Plaintiff-Appellant,

v.

BOB MCLYNN and SARA
MCLYNN,

    Defendants-Respondents.

_____

        Submitted May 6, 2025 – Decided May 20, 2025

        Before Judges Chase and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3127-20.

        Kathleen R. Wall, attorney for appellant.

        Byrnes, O'Hern & Heugle, LLC, attorneys for respondents (Daniel J. O'Hern, Jr., on the brief).

PER CURIAM

Plaintiff, A&A Construction Group Corp. ("A&A") appeals from an April 26, 2024 order from the Law Division, which denied its motion to vacate an arbitration award. We affirm.

I.

A&A is in the business of conducting home renovations. Its principal is Fred Esposito. A&A was hired to perform work on a property in Rumson owned by defendants Bob and Sara McLynn. The property had been damaged by Hurricane Sandy, and then further damaged due to deficient renovation work performed by Ocean's Home Improvements ("Ocean's").

The parties executed three written contracts. Each contract had an arbitration clause, stipulating that arbitration was to be conducted by the American Arbitration Association ("AAA"). Because there was on-going litigation against Ocean's, plaintiff alleged that it told defendants it would not bill for Esposito's services until the litigation concluded. However, defendants paid plaintiffs over a million dollars during the project, based upon un-itemized bills submitted by plaintiff. After defendants' litigation against Ocean's settled in March 2019, plaintiff submitted a bill to defendants for $462,948.25.

When defendants disputed the bill, plaintiff filed a seven-count complaint in October 2020. On January 22, 2021, the trial court stayed the matter and

2

granted a consent order for arbitration. Despite a clause in their agreement stipulating that arbitration would be conducted by the AAA, the parties mutually agreed to retain a retired judge as the arbitrator.

In September 2023, an arbitration hearing was held. Neither party requested a "reasoned opinion" from the arbitrator. At the full-day hearing, each side had an opportunity to present witnesses. Plaintiff sought payment from defendants in the amount of $462,948.25, relating to the three contracts, for labor, profit and overhead. Defendants were seeking a determination that plaintiff violated the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 to -229, and alleged they overpaid plaintiff by $25,348.81. After the hearing, both sides submitted findings of fact and conclusions of law.

On December 14, 2023, the arbitrator issued the civil arbitration award, concluding the award was a "No Cause for [p]laintiff and No Cause for [d]efendants on the [c]ounterclaims." The arbitrator reasoned

> [t]he Proposals were time and material [ten percent] Overhead [ten percent] Profit. Fred Esposito was to be paid at the rate of [seventy-five dollars] an hour, billable biweekly. All change orders were required be in writing and signed by the parties, pursuant to these Proposals. Defendants paid a total of $1,169,205.21 pursuant to the Proposals.
>
> Initially billing for plaintiff's labor was done using the [seventy-five dollars] rate plus labor and overhead and

3

paid. However, a substantial portion of the $462,948.25 plaintiff alleges it is owed, is based on billing first at the rate of [twelve thousand per month] for labor (apparently based on [seventy-five dollars per hour] for [forty] hours a week) and then in 2016, at [ten thousand dollars per month] for labor.

Plaintiff alleges he entered into an oral agreement with defendant Bob McLynn to charge at [ten thousand dollars per month] amount, and to agree to await payment until the conclusion of the lawsuit against Ocean's Home Improvement as well as other subcontractors (That litigation concluded in 2019.). Esposito testified that he was on the job for the same amount of time as subcontractor, JMJ Construction.

Defendant Bob McLynn denies any oral agreement with A&A. McLynn alleges a number of payments were made by the defendants "for labor" but despite his requests for supporting documentation, he never received any breakdowns. Esposito says he was not asked to itemize labor costs.

. . . .

Therefore, despite review of all the exhibits and testimony, no evidence has been presented by plaintiff to prove the number of hours worked by A&A. No written evidence supports the agreement to charge at [ten thousand dollars per month] or delay payment until the first litigation was settled. The accounting provided by plaintiff was prepared for the initial litigation to assist in apportioning the liability of the defendant Ocean and its subs. No supporting documentation for A&A's hours was provided for this accounting. In fact, in his deposition in the underlying case, Esposito testified he did not record his hours in this construction project.

A-3100-23

> The Proposals required any changes to be in writing. In addition, pursuant to [the CFA] dealing with home improvement contracts: "all changes in the terms and conditions of the contract, shall be in writing."
>
> Plaintiff has the burden of proving the damages it alleges in this case. Oral agreements will not suffice in home improvement contract cases. Therefore, I find that plaintiff has failed to prove entitlement to additional payments for labor, profit and overhead. Despite violating the CFA, plaintiff would be entitled to recover for services rendered under a quantum meruit theory. But again, nothing assists the Arbitrator in determining what services were provided that were unreimbursed.

The arbitrator specifically noted plaintiff did not present any evidence to prove A&A's work hours, nor any written evidence to support the purported agreement that defendants would pay ten thousand dollars per month or delay the payment until the litigation with the former contractor was settled.

On December 21, 2023, plaintiff submitted a reconsideration request to the arbitrator. On January 18, 2024, the arbitrator filed a signed award, and plaintiff filed a timely motion to vacate the arbitration award with the Law Division.

On April 26, 2024, the court heard the motion to vacate the arbitration award and denied it the same day. Making findings, the court cited to the New Jersey Arbitration Act ("the Act"), N.J.S.A. 2A:23B-23, and reviewed the six

5

bases for vacating an arbitration award.  The court found:  no relationship existed between the arbitrator and defense counsel; the arbitrator considered all evidence material to the controversy; and the arbitrator fully considered all arguments presented by the parties.

On June 9, 2024, the arbitrator denied reconsideration.  The arbitrator determined:  no conflict of interest arose from the fact that counsel for defendants and the arbitrator used to live in the same town; the agreements require a change order to be in writing and signed by the contractor and customer; and that plaintiff's second argument was never presented at the hearing, nor did plaintiff cite any authority to support his position.

On appeal, plaintiff seeks a trial to address the factual and legal issues that it claims the arbitrator failed to address.  Plaintiff also contends the arbitration award should be vacated because the arbitrator failed to disclose a relationship with the defendants' attorney.

## II.

"Judicial review of an arbitration award is very limited."  Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 11 (2017) (quoting Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268, 276 (2010)).  We "review the trial court's decision on a motion to vacate an arbitration award de novo."

A-3100-23

Yarborough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018) (citing Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013)).  In reviewing a motion to vacate or confirm an arbitration award, we must remember "[t]he public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Group, 220 N.J. 544, 556 (2015) (citing Cnty. Coll. of Morris Staff Ass'n v. Cnty. Coll. of Morris, 100 N.J. 383, 390 (1985)).  "[T]o ensure finality, as well as to secure arbitration's speedy and inexpensive nature, there exists a strong preference for judicial confirmation of arbitration awards." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013) (alteration in original) (quoting Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 10 (2007)).

N.J.S.A. 2A:23B-23 sets forth six grounds for vacating an arbitration award:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused

to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section 15 of this act not later than the beginning of the arbitration hearing; or

(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.

III.

Plaintiff first argues that the matter should be remanded to either AAA arbitration or to the trial court to address factual and legal issues that the arbitrator and trial court failed to address. That argument is unpersuasive. The arbitrator and court considered all evidence material to the controversy presented by both sides.

N.J.S.A. 2A:23B-23(3) permits an arbitration award to be vacated, if, in pertinent part: "an arbitrator . . . refused to consider evidence material to the controversy." In the present case, nothing in the record indicates that the arbitrator failed to consider evidence that was material to this controversy.

Rather, the plaintiff's complaints are with the arbitrator's and court's determinations of the evidence that was presented.

Although plaintiff contends the arbitrator overlooked facts in making its decisions, a close review of the record reveals plaintiff is just dissatisfied with the findings. The arbitrator held a full day hearing, during which each party had the opportunity to, and did, present witnesses and documentary evidence. Moreover, both parties submitted their proposed findings and facts, and conclusions of law, which were all considered when the arbitrator made its decisions. The trial court correctly determined the arbitrator considered all relevant facts and correctly denied the motion finding there was no basis under subsection (3) of the Act to vacate the arbitration award.

We also reject plaintiff's contention that the court should have vacated the award because the arbitrator had a relationship with defendant that should have been disclosed prior to arbitration. N.J.S.A. 2A:23B-12(a) "establishes a duty of reasonable inquiry," providing, in pertinent part, "[b]efore accepting appointment, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement . . . any known facts that a reasonable person would consider likely to affect the impartiality of the arbitrator . . .." Here, as the court noted, and the record

reflects, there was no relationship that existed between the arbitrator and defense counsel. A "relationship," under the statute, requires more than living in the same town.

Moreover, plaintiff could have raised the failure-to-disclose issue before, during, or after the arbitration, up until the date of the award. The court determined plaintiff knew the arbitrator lived in the same town on the date of the arbitration but waived his right to raise this issue by waiting until receiving an unfavorable award. As such, the trial court was correct in determining there was no relationship to disclose and if there was, it was waived.

Because there was no basis on which to vacate the arbitrator's award, we find no error in the trial court's order denying plaintiff's motion. To the extent we have not otherwise expressly addressed any of plaintiff's remaining arguments, we find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-2(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3100-23