NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3035-17T2

CHRISTOPHER LUSKEY,

       Plaintiff-Appellant,

v.

CARTERET BOARD
OF EDUCATION,

       Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **May 8, 2019**
>
> **APPELLATE DIVISION**

Argued April 10, 2019 – Decided May 8, 2019

Before Judges Alvarez, Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000009-18.

David J. De Fillippo argued the cause for appellant (Detzky Hunter & DeFillippo, LLC, attorneys; David J. De Fillippo, of counsel and on the briefs).

Thomas A. Abbate argued the cause for respondent (De Cotiis FitzPatrick Cole & Giblin LLP, attorneys; Thomas A. Abbate, of counsel; Alice M. Bergen and Jennifer L. Personette, on the briefs).

The opinion of the court was delivered by

REISNER, J.A.D.

Plaintiff Christopher Luskey appeals from a February 1, 2018 order denying his application to vacate an arbitration award and granting the cross-motion of defendant Carteret Board of Education to confirm the award. We affirm. Addressing a novel issue, we hold that a dispute over the termination of a tenured public school janitor is subject to arbitration under the jurisdiction of the Commissioner of Education and not the Public Employment Relations Commission, even if a collective negotiations agreement dictated the length of service required to attain tenure.

I

The pertinent facts are set forth in the arbitration award and need not be repeated in detail here. Plaintiff was a tenured janitor working at a public school in Carteret. The Board of Education (Board) sought to terminate his employment for unbecoming conduct and insubordination. The dispute over plaintiff's termination was heard by an arbitrator appointed by the Commissioner of Education (Commissioner), as required by the school laws.[1] See N.J.S.A. 18A:6-9, -10, -16. After a testimonial hearing, the arbitrator upheld the

---

[1] As discussed later in this opinion, plaintiff sought contractual arbitration of his termination through the Public Employment Relations Commission, (PERC). However, PERC declined to enjoin the Board from proceeding with arbitration under the auspices of the Commissioner.

termination based on a finding that petitioner was guilty of unbecoming conduct. See Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 13-14 (2017) (defining and explaining unbecoming conduct).

Plaintiff moved to vacate the arbitration award, and the Board cross-moved to confirm it. The Law Division judge rejected plaintiff's arguments that the arbitrator lacked jurisdiction to hear the dispute, there was insufficient credible evidence to support the arbitrator's factual findings, and the findings were insufficient to support termination of plaintiff's employment.

On this appeal, plaintiff presents the following points of argument for our consideration:

> I. THE TRIAL COURT SHOULD HAVE VACATED ARBITRATOR ZIRKEL'S AWARD BECAUSE HE SO IMPERFECTLY EXECUTED HIS POWERS THAT A MUTUAL, FINAL AND DEFINITE AWARD UPON THE SUBJECT MATTER WAS NOT MADE.
>
> II. THE TRIAL COURT ERRONEOUSLY CONFIRMED ARBITRATOR ZIRKEL'S DECISION TO SUSTAIN TWO ALLEGATIONS OF CONDUCT UNBECOMING UNDER CHARGE ONE.
>
> III. THE TRIAL COURT'S CONFIRMATION OF ARBITRATOR ZIRKEL'S DETERMINATION TO UPHOLD PLAINTIFF'S TERMINATION WAS WHOLLY UNWARRANTED.

3

IV. THE TRIAL COURT SHOULD HAVE VACATED THE AWARD BECAUSE ARBITRATOR ZIRKEL IMPROPERLY ADMITTED – AND RELIED UPON – EVIDENCE OF MISCONDUCT NOT INCLUDED IN THE [TENURE] CHARGES.

V. THE TRIAL COURT ERRED IN CONFIRMING THE AWARD BECAUSE THE DEPARTMENT OF EDUCATION AND BY EXTENSION, ARBITRATOR ZIRKEL DID NOT HAVE SUBJECT MATTER JURISDICTION.

VI. THE TENURE CHARGES WERE PROCEDURALLY DEFECTIVE AND THEREFORE SHOULD HAVE BEEN DISMISSED BY THE TRIAL COURT.

Our review of the trial court's decision is de novo. Yarborough v. State Operated Sch. Dist. of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018). Because plaintiff did not arrange for the arbitration to be recorded, there is no transcript of the testimony presented to the arbitrator. Consequently, there is an inadequate record on which to consider plaintiff's argument that the arbitrator's factual findings were not supported by substantial credible evidence. Based on the facts the arbitrator found, we agree with the trial court that there was no basis to disturb the award on any of the grounds set forth in N.J.S.A. 2A:24-8. With the exception of plaintiff's jurisdictional argument, which raises a novel issue, his remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

4

II

The jurisdictional issue revolves around the education statute addressing tenure of janitorial employees. That statute grants tenure to public school janitors, unless they are appointed under fixed-term contracts. N.J.S.A. 18A:17-3. The statute provides:

> Every public school janitor of a school district shall, unless he is appointed for a fixed term, hold his office, position or employment under tenure during good behavior and efficiency and shall not be dismissed or suspended or reduced in compensation, except as the result of the reduction of the number of janitors in the district made in accordance with the provisions of this title or except for neglect, misbehavior or other offense and only in the manner prescribed by subarticle B of article 2 of chapter 6 of this title [N.J.S.A. 18A:6-9 to -17.1].
>
> [N.J.S.A. 18A:17-3.]

As indicated in the statute, a school district cannot terminate a tenured school janitor except "in the manner prescribed" by chapter six of the school laws. Ibid. Chapter six requires that "a controversy and dispute" concerning the dismissal of a tenured school employee must be heard by an arbitrator appointed by the Commissioner. N.J.S.A. 18A:6-9 (requiring arbitration of controversies and disputes arising under "C. 18A:6-10 et seq."). See also N.J.S.A. 18A:6-10 (stating tenured employees may only be dismissed after a hearing "pursuant to

5

this subarticle"); N.J.S.A. 18A:6-16 (If the Commissioner finds the charge sufficient to warrant dismissing a tenured employee, "he shall refer the case to an arbitrator pursuant to [N.J.S.A. 18A:6-17.1.]"); N.J.S.A. 18A:6-17.1 (providing that the Commissioner appoints the arbitrators).

In an effort to avoid the arbitration process under the auspices of the Commissioner, plaintiff sought arbitration before PERC. He argued that the collective negotiations agreement (CNA) between his union and the Board guaranteed him tenure separate from the provisions of N.J.S.A. 18A:17-3.[2] Therefore, he contended, the arbitration provision of the CNA, which falls under PERC's jurisdiction, would apply rather than the arbitration provision of the school laws.

Plaintiff asked PERC to enjoin the Board from proceeding with arbitration through the Commissioner. PERC denied the injunction, reasoning that plaintiff's arguments were novel but unlikely to succeed on the merits. Plaintiff

---

[2]  The pertinent language from the CNA reads as follows:

> Tenure rights shall be acquired [] for all employees after three (3) consecutive years of service and the commencement of the fourth year, or, the equivalent of more than three (3) years of service within a period of four (4) consecutive years.

presented the same arguments to the arbitrator designated to hear the school-law arbitration. The arbitrator likewise rejected the arguments as without merit and proceeded with the arbitration.

On this appeal, plaintiff presents the same contentions. We find them without merit, for two reasons. First, we reject plaintiff's argument that his tenure stems solely from the contract and not from the school laws. Second, even if his tenure was solely conferred by the contract, once he became a tenured school employee, a disciplinary action aimed at terminating his employment would be governed by the school laws, and not by the New Jersey Employer-Employee Relations Act (the Act), N.J.S.A. 34:13A-1 to -43.

In Wright v. Board of Education of City of East Orange, 99 N.J. 112 (1985), the Supreme Court held that N.J.S.A. 18A:17-3 did not preclude a school board from negotiating, with the janitorial employees' union, a middle ground between giving janitors immediate tenure upon hiring and permanently denying them tenure by repeatedly giving them fixed-term contracts. Id. at 120-22. Thus, a board could agree that after serving for a certain number of years, a janitor would attain tenured status. Id. at 123. In practical effect, once a janitor had served for the contractually required number of years under a fixed-term

contract, the board would hire the individual without a fixed term contract, thus conferring tenure.

Wright, however, did not treat the contractually-agreed tenure as different from statutory tenure for disciplinary purposes. Rather, the Court recognized that even a janitor who receives tenure pursuant to a CNA may be subject to the filing of tenure charges pursuant to N.J.S.A. 18A:17-3. The Court stated that "as we have taken pains to explain, N.J.S.A. 18A:17-3 grants an employing board discretion in determining whether to grant tenure to custodians." 99 N.J. at 122 (citation omitted). In a footnote, the Court added:

> Even the acquisition of tenure under a negotiated labor agreement is not a promise of continued employment. N.J.S.A. 18A:17-3 still safeguards the boards' right to dismiss custodians because of a reduction in force or due to misconduct, inefficiency, and other good cause.
>
> [Id. at 122 n.3]

Based on that language, we reject plaintiff's argument that a janitor's tenure obtained through a CNA is substantively different from tenure obtained through N.J.S.A. 18A:17-3. To the contrary, it is one way of obtaining statutory tenure, in that the board has contractually agreed to refrain from continuing to appoint the janitor to fixed terms and agreed instead to give him or her a permanent appointment. Because a janitor who obtains tenure is subject to the

8

school laws with respect to that appointment, a dispute over his or her termination is subject to arbitration under the school laws. <u>See</u> N.J.S.A. 18A:17-3; N.J.S.A. 18A:6-9, -10.

In addition, the Act excepts from its provisions a dispute over termination of an employee with statutory tenure, and prohibits contractual agreements to replace statutorily-provided appeal procedures. Under the Act, "discipline" does not include tenure charges filed under Title 18A:

> "Discipline" includes all forms of discipline, except tenure charges filed pursuant to the provisions of subsubarticle 2 of subarticle B of Article 2 of chapter 6 of Subtitle 3 of Title 18A of the New Jersey Statutes, N.J.S. 18A:6-10 et seq., or the withholding of increments pursuant to N.J.S. 18A:29-14.
>
> [N.J.S.A. 34:13A-22.]

In addition, the Act prohibits the parties from negotiating a right to contractual binding arbitration to challenge tenure charges.

> Except as otherwise provided herein, the procedures agreed to by the parties may not replace or be inconsistent with any alternate statutory appeal procedure nor may they provide for binding arbitration of disputes involving the discipline of employees with statutory protection under tenure or civil service laws[.]
>
> [N.J.S.A. 34:13A-5.3.]

Here, the school laws supply an "alternate statutory appeal procedure" in the form of arbitration under the auspices of the Commissioner. In fact, arbitration conducted under the Commissioner's jurisdiction is the statutorily <u>required</u> procedure to resolve contested tenure charges against a school employee. <u>See</u> N.J.S.A. 18A:17-3; N.J.S.A. 18A:6-9 to -17.1. Therefore, PERC lacks jurisdiction to enforce arbitration challenging the termination of a tenured school janitor. N.J.S.A. 34:13A-5.3.

Accordingly, we affirm the trial court's order confirming the arbitration award.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION