**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3179-22

JEFFREY ALVAREZ,

    Plaintiff-Appellant,

v.

TOYOTA OF HACKENSACK
and MIRIAM SHANKEN,

    Defendants-Respondents.

_____

Submitted September 24, 2024 – Decided October 7, 2024

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1918-20.

Lueddeke Law Firm, attorneys for appellant (Karri Lueddeke, on the brief).

Respondents have not filed a brief.

PER CURIAM

Plaintiff appeals from the trial court's orders of April 5, 2023 and May 26, 2023, vacating an arbitration award, and then denying reconsideration. We reverse and remand for the trial court to confirm the award.

I.

Plaintiff Jeffrey Alvarez purchased a used car from co-defendant Toyota of Hackensack. The June 29, 2019 purchase contract included an arbitration clause. In pertinent part, the clause stated, "either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial." The clause also stated, "[y]ou may choose the American Arbitration Association . . . . You may get a copy of the rules of an arbitration association by contacting the organization or visiting its website."

Shortly after his purchase, plaintiff contacted co-defendant Miriam Shanken, a Toyota of Hackensack employee, seeking a summary of the maintenance performed on the car by the dealer prior to selling it to him. Shanken responded via text message, stating, "We did an oil change while it was here . . . ." Shortly after this exchange, plaintiff's car suffered engine failure and broke down. Plaintiff took the car to a different dealership and learned that the cause of the engine failure was a defective oil filter and gasket. Plaintiff further learned that repairs were estimated to cost $9,185.72. When plaintiff contacted

Toyota of Hackensack about the damage, they told him they had not performed a pre-sale oil change or inspection, a statement which conflicted with what Miriam Shanken had previously told him.

Plaintiff sued defendants in Superior Court on March 19, 2020, alleging violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, breach of contract, and negligence. After a protracted delay caused in part by defendant's failure to pay the American Arbitration Association (AAA) fee, the trial court eventually dismissed the complaint and ordered the parties to arbitration on January 8, 2021.

The AAA appointed Felicia Farber, Esq. as arbitrator. The parties participated in preliminary hearings in April 2021, October 2021, and January 2022. Arbitration was scheduled first for January, then May 2022, but each date was adjourned at request of defense counsel. Farber eventually recused herself as arbitrator, and the AAA appointed Angela Foster, Esq. in her stead.

The new arbitrator conducted a preliminary hearing on June 16, 2022, and issued a scheduling order. Key terms of the order stated: all deadlines would be strictly enforced; the Federal Arbitration Act would control; defendants were to provide plaintiff with a list of deficient written discovery by June 17, 2022; defendants were to provide its expert report by August 1, 2022; the parties were

to exchange all witness lists and exhibit lists by August 10, 2022; the final arbitration hearing would take place via Zoom on August 30, 2022; and the parties agreed that no stenographic record of the hearing would be taken.

On August 30, 2022, the arbitrator commenced the hearing. Before it began, defendants sought to have the virtual proceeding recorded. This was defendants' first request to record the hearing. The arbitrator denied it. After the hearing, the arbitrator entered a scheduling order for submission of post-hearing briefs. Defendants did not file a brief.

The arbitrator issued an award on October 21, 2022, finding defendants violated the Consumer Fraud Act (CFA). The arbitrator found plaintiff sustained $15,301 in damages and trebled those damages under the CFA to $45,903. The arbitrator imposed statutory counsel fees and costs in the amount of $34,047, bringing plaintiff's total award to $79,950. Plaintiff moved to confirm the award, and defendants cross-moved to vacate it. A different trial court heard argument on March 28, 2023.

On April 5, 2023, the court issued an order vacating the award, making findings in a written statement of reasons. It stated:

> It is uncontested that . . . [d]efendants requested that the arbitrator record the proceedings. While the Court recognizes, and generally defers to the discretion of the

A-3179-22

arbitrator, in the instant matter the [arbitrator's] rejection of said request was clearly a prejudicial error.

. . . .

[T]he September 2022 amendments to the AAA rules . . . provide for recording upon the request of a party. In light of the background and the complaints by [defendants] throughout these proceedings, it would seem logical for the arbitrator to order such a recording (and perhaps the [p]laintiff to make a similar request) if not only in anticipation of the proceeding now before this [c]ourt. None of this was done. This [c]ourt cannot act as a reviewing [c]ourt in the absence of such record and thus finds that the award must be vacated in accordance with N.J.S.A 2A:23B-23(3) in that the arbitrator conducted the hearing in a manner prejudicial to the rights of [defendants] by failing to grant the . . . request to record the hearing when detailed and numerous objections to the same were presented to the arbitrator and placed upon the record throughout the proceedings.

The trial court ordered a new hearing before a different arbitrator, and directed that defendant pay the cost of recording the new proceeding. The court next denied plaintiff's motion for reconsideration.

On appeal, plaintiff argues that the trial court erred by: analyzing the facts under N.J.S.A. 2A:23B-23(3) of the New Jersey Arbitration Act, instead of 9 U.S.C. § 10(a) of the Federal Arbitration Act; finding that the arbitrator's denial of defendant's request to record the arbitration was misconduct under state law;

5

and not deferring to the arbitrator's award in the absence of a violation of the Federal Arbitration Act.

## II.

### A.

We review de novo a trial court's legal conclusions to affirm or vacate arbitration awards. Pami Realty, LLC v. Locations XIX Inc., 468 N.J. Super 546, 556 (App. Div. 2021) (citing Yarborough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super 136, 139 (App. Div. 2018)). "[T]he decision to vacate an arbitration award is a decision of law [and] this court reviews the denial of a motion to vacate an arbitration award de novo." Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013).

"We will not disturb the trial court's reconsideration decision 'unless it represents a clear abuse of discretion.'" Kornbleuth v. Westover, 241 N.J. 289, 301 (2020). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 302.

### B.

To promote arbitration as a judicially efficient dispute-resolution method, New Jersey law strongly favors enforcing arbitration awards and grants such

6

awards considerable deference. Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 201 (2013). As such, "arbitration awards are given a wide berth, with limited bases for a court's interference." Ibid.

Under Rule 1:40-2(a)(1), arbitration is "[a] process by which each party or its counsel presents its case to a neutral third party, who then renders a specific award." The "arbitrator's role is evaluative, requiring the parties to present their evidence for a final determination." Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 324 (2019) (quoting Minkowitz, 433 N.J. Super. at 144 (citing R. 1:40-2(b)(2))). The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, and the New Jersey Arbitration Act (NJAA), N.J.S.A. 2A:23B-1 to 32, represent a legislative choice "to keep arbitration agreements on 'equal footing' with other contracts." Ogunyemi v. Garden State Med. Ctr., 478 N.J. Super. 310, 315 (App. Div. 2024) (quoting Roach v. BM Motoring, LLC, 228 N.J. 163, 174 (2017)). Under both statutes, "arbitration is fundamentally a matter of contract," and should be regulated according to general contract principles. Ibid. (quoting Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 561 (App. Div. 2022)).

A court may not rewrite a contract "by substituting a new or different provision from what is clearly expressed in the instrument." Rahway Hosp. v.

A-3179-22

Horizon Blue Cross Blue Shield of N.J., 374 N.J. Super. 101, 111 (App. Div. 2005) (quoting E. Brunswick Sewerage Auth. v. E. Mill Assocs., 365 N.J. Super. 120, 125 (App. Div. 2004)).  Further, a court may not "make a better contract for either party, or supply terms that have not been agreed upon."  Ibid. (quoting Bar on the Pier, Inc. v. Bassinder, 358 N.J. Super. 473, 480 (App. Div. 2003)).

Arbitrators have broad powers to resolve disputes, and judicial involvement is limited—once parties contract for binding arbitration, the court may only enforce orders or subpoenas issued by the arbitrator, confirm the arbitration award, correct or modify an award, or, in limited circumstances, vacate an award.  Minkowitz, 433 N.J. Super. at 134 (citing N.J.S.A. 2A:23B-17(g), -22, and -23 to -24).  Arbitrators have "broad discretion over discovery and other procedural matters to 'conduct an arbitration in such manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding.'"  Id. at 144 (quoting N.J.S.A. 2A:23B-15(a)).

### III.

The dispositive issue is:  did the trial court commit error when it found that the arbitrator's denial of defendants' eleventh-hour request to record the proceedings was a sufficient basis to vacate the arbitration award?  We conclude that it did.

The parties' arbitration agreement expressly states that the law the parties would use to govern the arbitration is the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (FAA). Under the FAA, once a party applies to the court for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The court may vacate an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> [9 U.S.C. § 10(a)]

We note that the parties and the court each referenced and applied the New Jersey Arbitration Act, rather than the Federal Arbitration Act agreed upon by

the parties.  We note that our analysis does not change[1] as the two statutes are nearly identical concerning the question of vacating an award.

We apply the FAA to the undisputed terms of the parties' arbitration clause.  The parties contracted to arbitrate their disputes, and in doing so, they agreed to utilize the services of the AAA or another arbitration organization.

---

[1] N.J.S.A. 2A:23B-23(a) provides the court shall vacate an award made in the arbitration proceeding if:

(1) the award was procured by corruption, fraud, or other undue means;

(2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

(5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section 15 of this act not later than the beginning of the arbitration hearing; or

(6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.

Each party agreed their arbitration would proceed according to the rules of the selected organization, in this case the AAA. By agreeing to these terms, the parties acknowledged that their discovery and appeal rights would be less robust than if they took their dispute to court. Significantly, the record shows that the AAA Consumer Arbitration Rules govern the process for creating a record of the arbitration.[2] AAA Consumer Arbitration Rule R-27 states that, "[i]f a party wants a written record of the hearing, that party must make such arrangement directly with a stenographer (court reporter) and notify the opposing parties, the AAA, and the arbitrator of these arrangements at least three business days before the hearing." Am. Arb. Ass'n, Consumer Arbitration Rules and Mediation Procedures R-27 (rev. 2014). The rule continues, "[n]o other type of recording will be allowed unless the parties agree or the arbitrator directs a different form of recording." Id.

The parties contracted for arbitration, and the clause included language binding them to the rules of the arbitration organization that they selected. AAA rule 27 requires an interested party to request a transcript in advance. The parties never agreed on another manner for recording the arbitration. See

---

[2] The record shows the trial court cited to the AAA's Commercial Arbitration Rules and Mediation Procedures. We conclude the AAA's commercial rules are inapplicable, and that the AAA's consumer rules apply.

Rahway Hosp., 374 N.J. Super. at 111 (holding a court may not "make a better contract for either party, or supply terms that have not been agreed upon" (quoting Bar on the Pier, Inc., 358 N.J. Super. at 480)). Because the arbitrator was not obligated to grant defendant's request under the AAA consumer arbitration rules, we conclude her denial of defendants' request was not "misbehavior" which prejudiced defendants under 9 U.S.C. § 10(a)(3). Additionally, there is no basis for vacatur under 9 U.S.C. § 10(a)(4), as the arbitrator acted within her explicit powers. Viewing the record through this analytical lens, we conclude the trial court committed error as to its order of April 5, when it vacated the award. The court also committed error as to its order of May 23, when it denied reconsideration on an impermissible basis.

We observe that the trial court found it "[could] act as a reviewing Court in the absence of [the arbitration] record and thus [found] the award must be vacated." We decline to employ such a bright-line approach, as this does not reflect our jurisprudence. See Luskey v. Carteret Bd. of Educ., 459 N.J. Super. 150, 153 (App. Div. 2019) (affirming the trial court's denial of a motion to vacate even though "there is no transcript of the testimony presented to the arbitrator").

Reversed. We remand to the trial court to enter an order confirming the arbitration award in favor of plaintiff in the amount of $79,950.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3179-22