**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2768-24

ALEJANDRO PEREZ and
CATHY PEREZ,

      Plaintiffs-Appellants,

v.

GABRIEL H. HALPERN, ESQ.
and PINILIS HALPERN, LLP,

      Defendants,

and

DANIEL N. EPSTEIN, ESQ.
and EPSTEIN OSTROVE, LLC,

      Defendants-Respondents.

_____

Argued March 18, 2026 – Decided April 22, 2026

Before Judges Smith, Berdote Byrne, and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6186-21.

Cathy Perez, appellant, argued the cause on appellant's behalf.

Meredith Kaplan Stoma argued the cause for respondents (Lewis Brisbois Bisgaard & Smith LLP, attorneys; Meredith Kaplan Stoma and Jessica Rabkin, on the brief).

PER CURIAM

Plaintiffs Alejandro and Cathy Perez appeal from an order denying their motion to vacate an arbitration award and granting the cross-motion of defendants Daniel N. Epstein and Epstein Ostrove LLC (the Epstein defendants) to confirm the award. This matter has a protracted procedural history, involving two separate lawsuits spanning over ten years. Despite the length of the litigation, the issue before us is narrow. We affirm because plaintiffs have not shown the extraordinary circumstances required to vacate an arbitration award.

I.

In October 2014, a water pipe burst in the second-floor bathroom of plaintiffs' home. The ensuing flood damaged both floors of the home. Fidelity, the homeowner's insurance company, recommended Insurance Restoration Specialists, Inc. (IRS), to repair the flood damage. Plaintiffs signed an agreement with IRS, who subsequently completed the repairs. Plaintiffs were not satisfied with IRS's work and claimed several items of personal property had been damaged. Fidelity issued a two-party check for $8,500 to plaintiffs and IRS, but plaintiffs refused to endorse it.

2

A-2768-24

In July 2015, IRS sued plaintiffs in the Special Civil Part for the amount owed on the contract. Plaintiffs answered, filed counterclaims against IRS, and a third-party complaint against Fidelity, Gerald Frazee (Fidelity's adjuster), and individual employees of IRS. In the counterclaim and third-party complaint, plaintiffs alleged breach of contract, common law fraud, and Consumer Fraud Act (CFA) claims. In December 2015, the case was transferred to the Law Division. In January 2016, plaintiffs retained Gabriel H. Halpern, Esq. and Pinilis Halpern LLP.

Sometime in 2017, the case was erroneously dismissed by the trial court. In March 2018, the Halpern defendants moved to withdraw as counsel and the court granted the motion. In June 2018, plaintiffs retained Epstein Ostrove. The retainer agreement contained an arbitration clause:

> **Arbitration**. It is our goal to maintain at all times a constructive and positive relationship with You on the matter described above. However, if a dispute arises between us, we believe that a prompt and fair resolution is in the interests of all concerned. To this end, if any controversy or claim arises out of or relating to this Agreement (including any claim of malpractice), we both agree that the dispute shall be submitted to binding arbitration. The arbitration shall be governed by the Rules of the American Arbitration Association and any award by an arbitrator shall be final. **BY SIGNING THIS AGREEMENT, WE BOTH GIVE UP OUR RIGHT TO SUE IN COURT AND GIVE UP OUR**

A-2768-24

**RIGHT TO HAVE OUR CASE HEARD BY A JURY.**

As a result of their differences, plaintiffs later dismissed the Epstein defendants as their counsel.

In September 2021, plaintiffs retained another attorney, Batya Wernick Esq., and filed a malpractice and breach of contract lawsuit against the Halpern defendants and Epstein defendants  With respect to the matter before us, plaintiffs alleged, since being retained in June 2018, Daniel Epstein "took no action to try to restore the case to the trial calendar or to correct the [c]ourt's seeming misunderstanding that the case was closed on August 3, 2017."

The Epstein defendants moved to dismiss the malpractice complaint for lack of subject matter jurisdiction pursuant to Rule 4:6-2(a) and compel arbitration.  The trial court concluded the agreement was enforceable, dismissed the complaint with prejudice,[1] and ordered the parties to proceed to binding arbitration pursuant to the rules of the American Arbitration Association (AAA).

The malpractice claim against the Halpern defendants was not subject to arbitration and continued in Superior Court.  The trial judge discovered the

---

[1]  We note this was not the correct procedure.  New Jersey's Arbitration Act "only provides for stays, rather than dismissals, of actions pending arbitration." GMAC v. Pittella, 205 N.J. 572, 582 n.6 (2011) (citing N.J.S.A. 2A:23B-7(g)).

underlying action had been erroneously dismissed.  During a February 20, 2024 oral argument on plaintiffs' motions in limine, the court

> pressed the parties on the Perezes' theory behind the legal malpractice action when it appeared clear to this [c]ourt that the underlying case against Fidelity and IRS had never been formally dismissed…. .  Suffice it to say, both attorneys advised this [c]ourt that they had been trying to convince [the prior judges] of that very fact for years.

The court directed plaintiffs to file (in the underlying action) a motion for reconsideration of the September 14, 2020 order declining to reinstate the underlying action.  Plaintiffs did so and the court entered a consent order staying the Halpern malpractice case, pending resolution of the motion for reconsideration.  On July 25, 2024, the court granted the motion for reconsideration in the underlying action and ordered the case "restored to the active trial list" and scheduled for trial within ninety days.

On December 2, 2024, in the malpractice action, the court granted the Halpern defendants' motion for summary judgment.  At the oral argument for the motion, the court stated the malpractice action could no longer be sustained because the underlying action was reinstated:

> [S]imply put, I can make the Perez[es] whole if a jury finds that they have been wronged.  The fact that there has been time between this procedural faux pas of this dismissal . . . I can fix it.  And if a jury tells me it should

A-2768-24

be fixed, I will fix it. I have every intention to do so. And while [plaintiffs are] not sitting here today, they know it because I said it. We discussed it altogether. I will fix it. A jury has to tell me. The Perez[es] requested a jury trial. A jury's gonna listen to the facts and if the jury says they are out X thousands of dollars, we're gonna take that money, whether it's through prejudgment interest, breach of contract, post-judgment interest, we're going to follow the law and do what's fundamentally fair to give them the present sense of the value.

On December 13, 2024, the Epstein defendants wrote to the arbitrator assigned by the AAA and requested he dismiss the case. The Epstein defendants relied on the trial court's conclusion that the reinstatement of the underlying action eliminated plaintiffs' entitlement to damages in the malpractice case. Plaintiffs opposed the application and, in response, argued they could still recover damages in the malpractice action—not the damages they would have received in the underlying action (which had since been reinstated) but the amount spent on legal fees and costs in pursuing the malpractice litigation and arbitration (approximately $70,000). On January 28, 2025, the arbitrator granted the Epstein defendants' motion to dismiss "pursuant to the comments of [the court] and [its] ruling in the matter of Perez v. Halpern [the malpractice action]" and ordered costs to be split between the parties.

A-2768-24

Plaintiffs moved to vacate the arbitration award. The Epstein defendants cross-moved to confirm the award. On April 25, 2025, the trial court denied the motion to vacate the award and granted the cross-motion to confirm it. This appeal followed.

## II.

We "review the trial court's decision on a motion to vacate an arbitration award de novo." Yarborough v. State Operated Sch. Dist. of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018). "Private sector arbitration awards are . . . subjected to an extraordinarily deferential standard of review." Rappaport v. Pasternak, 260 N.J. 230, 250 (2025). "An award may not be vacated or modified simply because a court disagrees with the arbitrator's interpretation of the law or view of the facts[.]" Id. at 250-51. The grounds for vacating an award are generally limited to cases where:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15

A-2768-24

of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;

(4) an arbitrator exceeded the arbitrator's powers;

[N.J.S.A. 2A:23B-23(a) (footnotes omitted).]

Put differently, an arbitration award "may be vacated only for fraud, corruption, or similar wrongdoing on the part of the arbitrators." Rappaport, 260 N.J. at 249 (quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 548 (1992) (Wilentz, C.J., concurring)).

Plaintiffs contend the arbitrator exceeded his authority by summarily disposing of the case. This argument fails because the parties signed an arbitration agreement, which stated disputes between them "shall be governed by the Rules of the [AAA]." The AAA rules do not require a hearing in all cases and allow the parties to file dispositive motions. See Am. Arb Ass'n, Commercial Arbitration Rules and Mediation Procedures, R-34 (2022), https://www.adr.org/media/qielmf0g/2025_commercialrules_web.pdf. Defendants did so here when they moved to dismiss the arbitration. Plaintiffs responded substantively to the motion to dismiss, and the arbitrator noted he "duly reviewed the submissions" of the parties. Thus, the summary disposition of the case did not "exceed[] the arbitrator's powers." N.J.S.A. 2A:23B-23(a)(4).

A-2768-24

Nor did the summary disposition deprive plaintiffs of procedural due process. Plaintiffs were given notice of the motion and an opportunity to present arguments and evidence in opposition to the motion. See New Jersey Div. of Child Prot. & Permanency v. J.R.-R., 248 N.J. 353, 369 (2021) ("The minimum requirements of due process . . . are notice and the opportunity to be heard." (quoting Jamgochian v. State Parole Bd., 196 N.J. 222, 240 (2008))). "An opportunity to be heard does not always require a formal hearing." Thomas Makuch, LLC v. Twp. of Jackson, 476 N.J. Super. 169, 188 (App. Div. 2023). In fact, in opposition to defendant's motion, plaintiffs submitted their proofs and expert report.

Plaintiffs also argue the arbitrator wrongly relied on the court's comments at the summary judgment hearing for the Halpern defendants. As stated, the court determined that because the underlying action had been reinstated, plaintiffs could now recover damages in that action. Thus, they could no longer establish damages in their malpractice case, a required element of the cause of action, see Morris Props., Inc. v. Wheeler, 476 N.J. Super. 448, 459 (App. Div. 2023), thereby entitling the Halpern defendants to summary judgment. See also Gautam v. De Luca, 215 N.J. Super. 388, 397 (App. Div. 1987) ("[T]he measure of damages is ordinarily the amount that the client would have received but for

9

his attorney's negligence."). The arbitrator applied the same rationale to the alleged malpractice committed by the Epstein defendants and dismissed the arbitration.

The fundament of plaintiffs' argument is that the arbitrator overlooked the fact that their malpractice damages included the amount spent on pursuing the malpractice litigation and arbitration (approximately $35,000 after splitting the costs). Regardless of the merits of this point, we may not consider it as a basis for vacating an arbitration award. Whether an "arbitrator[] commit[s] errors of law or errors of fact" is "totally irrelevant." Perini, 129 N.J. at 519 (Wilentz, C.J., concurring). In construing the grounds for vacating an arbitration award outlined in N.J.S.A. 2A:24-9, Chief Justice Wilentz, whose concurrence was later adopted by a majority of the Court, see Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994), concluded "the only tenable conclusion from the statute itself is that errors of fact, whether gross or ordinary, lead to neither vacation nor modification and correction. More to the point in this case, there is no mention whatsoever of errors of law. The statute provides no remedy whatsoever for that alleged mistake." Perini, 129 N.J. at 542 (Wilentz, C.J., concurring); see also id. at 543 ("It is incongruous to think that parties who want to get out of the court system, who want to avoid litigation,

somehow want their awards to be reviewed on the basis of their conformance to New Jersey law.").

Even if we were to consider plaintiffs' substantive argument regarding fees expended in pursuing their malpractice claim, we would not be persuaded. The $70,000 (reduced to $35,000) allegedly incurred by plaintiffs was wholly unnecessary. Instead of filing a malpractice lawsuit, the underlying action could have been reopened by filing a motion alerting the trial court to its earlier clerical error. See R. 1:13-1 ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight and omission may at any time be corrected by the court on its own initiative or on the motion of any party, and on such notice and terms as the court directs, notwithstanding the pendency of an appeal."). If denied, that order could have been appealed.

In sum, plaintiffs disagree with the substance of the arbitrator's legal conclusions, but they have not shown "fraud, corruption, or similar wrongdoing on the part of the arbitrator[]." Rappaport, 260 N.J. at 249 (quoting Perini, 129 N.J. at 548 (Wilentz, C.J., concurring)). Thus, there is no basis to vacate the award.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2768-24