**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3158-24

CITIZENS BANK, NA, formerly
known as CITIZENS BANK OF
PENNSYLVANIA,

     Plaintiff-Respondent,

v.

V EXPRESS GROUP INC.,
JOSEPH SPIRA, CHAIN FASTEN,
and JOMI COMPRESSION,
a/k/a JOMI PARTNERS LLC,

     Defendants-Appellants.

_____

Submitted May 12, 2026 – Decided June 25, 2026

Before Judges Torregrossa-O'Connor and Rosero.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0472-25.

Levenson Law LLC, attorney for appellants (Scott C. Levenson, on the briefs).

Buchanan Ingersoll & Rooney, PC, attorneys for respondent (Neil Sarker, on the brief).

PER CURIAM

Defendants V Express Group, Inc., Joseph Spira, Chain Fasten, and Jomi Compression a/k/a Jomi Partners, LLC appeal from an April 25, 2025 Law Division order confirming an arbitration award against them and entering judgment in favor of plaintiff Citizens Bank, N.A., formerly known as Citizens Bank of Pennsylvania, in the amount of $137,663.57. Based on our de novo review of the record and prevailing law, we affirm.

On July 6, 2018, plaintiff and defendants entered into a written loan agreement (the agreement) whereby plaintiff loaned defendants the principal sum of $150,000. Defendants are residents of, conduct business in, and own property located in Ocean County, New Jersey. The agreement specifies that the loan transaction was not a consumer credit transaction. The agreement in the "Term Note" section states: "The Borrower represents to the Bank that the proceeds of this Note will not be used for personal, family, or household purposes. . . ." Section 3.16 "Use of Proceeds," of the agreement states: "The proceeds of the Loan(s) will not be used for personal, family, or household purposes. . . ."

Section 8.15 of the agreement further states: "Borrower and Guarantor irrevocably submit to the nonexclusive jurisdiction of any federal or state court

sitting in the Commonwealth of Pennsylvania, over any suit, action or proceeding arising out of or relation to the Obligations, the Collateral or any of the Loan Documents."  Regarding disputes, the agreement states in Section 9.1: "[U]pon the demand of a Disputing Party, [the dispute shall] be submitted to and resolved by arbitration as hereby provided.  Any Disputing Party may request the American Arbitration Association (AAA) to designate one neutral arbitrator who shall be qualified as an arbitrator under the standards of the AAA . . . ."  The agreement further states in Section 9.4:  "It is specifically understood and agreed that any party may enforce any award rendered pursuant to this Section 9 by bringing suit in any court of competent jurisdiction."

On February 3, 2022, defendants defaulted on their obligations under the agreement resulting in plaintiff initiating a civil action against defendants in Philadelphia County, Pennsylvania.  Defendants moved to compel private arbitration pursuant to Section 9 of the agreement, and the case was dismissed with prejudice on February 15, 2023 for the matter to proceed "in arbitration pursuant to the credit agreement."  Accordingly, on July 11, 2024, a hearing was held in the AAA Commercial Division in Philadelphia, Pennsylvania.  On July 24, 2024, the arbitrator issued a written award against defendants in the

3

aggregate amount of $137,663.57 (the arbitration award). Defendants did not appeal or seek to modify the award.

It is undisputed that the AAA Commercial Arbitration Rules and Mediation Procedures in section R-54 (c) state: "Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

On February 13, 2025, plaintiff filed a verified complaint and order to show cause in New Jersey seeking confirmation of the private arbitration award pursuant to N.J.S.A. 2A:23B-22 and -25, as well as Rules 4:67 and 4:42-11(b). Defendants objected to the confirmation arguing that pursuant to the agreement, the arbitration award must be confirmed as a judgment in Pennsylvania. The trial court rejected defendants' arguments. Specifically, after hearing oral arguments and having reviewed the pertinent sections of the agreement, the court found there was no conflict with Pennsylvania law, and based on the language contained in the agreement, the parties could, after arbitration, enforce the arbitration award in any court of competent jurisdiction. On April 25, 2025, the court entered an order confirming the arbitration award and judgment in favor of plaintiff. This appeal followed.

On appeal, defendants raise one point for our consideration, arguing that "[t]he trial court erred by confirming the arbitration award because [plaintiff was] required to seek confirmation of the award in Pennsylvania." Plaintiff counters that the agreement expressly permits enforcement of the arbitration award "in any court of competent jurisdiction." Plaintiff further argues that the AAA rules, the Federal Arbitration Act (FAA), and New Jersey law all permit confirmation in New Jersey, where defendants reside, conduct business, and own property.

Because our review of a trial judge's order confirming an arbitration award is a question of law, "we owe no special deference to the [judge's] interpretation of the law and the legal consequences that flow from the established facts." Yarborough v. State Operated Sch. Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018). Our standard of review is thus de novo. Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010).

"It is well-settled that '[c]ourts enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract.'" In re Cnty. of Atlantic, 230 N.J. 237, 254 (2017) (alteration in original) (quoting Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118 (2014)) (internal quotation marks omitted). Our Supreme Court

5

has stated "[t]he plain language of the contract is the cornerstone of the interpretive inquiry; [and] 'when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result.'" Barilla v. Bd. of Educ. of Cliffside Park, 241 N.J. 596, 616 (2020) (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)).

Section 8.15 of the agreement before this court provides:

> Borrower and Guarantor irrevocably submit to the nonexclusive jurisdiction of any Federal or state court sitting in the Commonwealth of Pennsylvania, over any suit, action or proceeding arising of or relating to the Obligations, the Collateral or any of the Loan Documents. Borrower and Guarantor irrevocably waive, to the fullest extent it may be effective to do so under applicable law, any objection it may now here or hereafter have to laying of the venue of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in and inconvenient forum.

Section 9 of the agreement, entitled "Arbitration" deals with alternative dispute resolution. Section 9.1 states: "upon the demand of a Disputing Party, [the dispute shall] be submitted to and resolved by arbitration as hereby provided. Any Disputing Party may request the AAA to designate one neutral arbitrator who shall be qualified as an arbitrator under the standards of the AAA . . . ." Section 9.1 also outlines the qualifications of an AAA-certified

6

arbitrator. Additionally, the AAA Commercial Arbitration Rules, incorporated by reference, also provide that "judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

In addition to providing procedures and the timeline for arbitration, Section 9.4 concludes by outlining the finality of awards:

> Each Disputing Party to such arbitration agrees that any award of the arbiter shall be final, conclusive and binding that they will not contest the action by any other party thereto in accordance with an award of an arbiter. It is specifically understood and agreed that any party may enforce any award rendered pursuant to section 9 by bringing suit <u>in any court of competent jurisdiction.</u>
>
> [(Emphasis added).]

Defendants contend that the parties' agreement and Pennsylvania law require confirmation in Pennsylvania, where the arbitration occurred and where the agreement designates venue. In doing so, defendants ask this court to disregard the clear language in Section 9.4. Citing <u>Cnty. of Atlantic</u>, 230 N.J. at 255, defendants state: "If a court concludes that a contractual term is ambiguous, the court considers the parties' practical construction of the contract as evidence of their intention and as controlling weight in determining a contract's interpretation." However, the agreement here contains unambiguous language that permits a party to enforce an arbitration award in "any court of

7

competent jurisdiction."  While Section 8.15 establishes Pennsylvania as a nonexclusive forum for disputes, Section 9.4 expressly authorizes enforcement of an arbitration award in any court of competent jurisdiction.  Thus, when read in its entirety, the agreement is clear.  As the trial court found, Section 8.15 concerns civil litigation, and Section 9 concerns arbitration awards and enforcement.  Therefore, "a court must enforce the agreement as written" where, as here, the record is void of any "absurd result" to the defendants.  See Barilla, 241 N.J. at 616.

Turning to the FAA, defendants state that "[n]othing in the FAA authorizes a party to ignore a bargained-for forum selection clause.  [Plaintiff] cites no federal case suggesting that an enforcement selection cause overrides a specific venue clause or that the FAA permits confirmation in a jurisdiction other than the one selected by the parties."  Concerning awards, the FAA states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.
>
> [9 U.S.C. § 9.]

8

A-3158-24

Of significance, Section 9.4 of the agreement makes no mention of a specific venue for enforcement. Rather, Section 9.4 permits awards in "any court of competent jurisdiction." Defendants interpret the FAA as granting a degree of exclusivity that the Supreme Court expressly rejected in Cortez Byrd Chips v. Bill Harbert Constr. Co., 529 U.S. 193, 195 (2000). In Cortez Byrd Chips, the Court held that the FAA's venue provisions are permissive, not exclusive. Ibid. "Nothing, indeed, would be more clearly at odds with both the FAA's 'statutory policy of rapid and unobstructed enforcement of arbitration agreements,' or with the desired flexibility of parties in choosing a site for arbitration." Id. at 201 (citation omitted) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23 (1983)). Thus, we are satisfied the FAA supports confirmation of the arbitration award in "any court of competent jurisdiction" as stated in section 9.4 of the agreement.

New Jersey law also supports this interpretation. N.J.S.A. 2A:23B-22 allows a party to file a summary action to confirm an arbitration award:

> After a party to an arbitration proceeding receives notice of an award, the party may file a summary action with the court for an order confirming the award, at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 20 or 24 of this act or is vacated pursuant to section 23 of this act.

A-3158-24

Plaintiff filed summarily to confirm the award pursuant to this provision of the law, as modification or correction of the award were not at issue here.

N.J.S.A. 2A:23B-27 provides that venue is proper in the county where the parties reside or do business, or where the arbitration occurred:

> A summary action pursuant to section 5 of this act shall be commenced in the court of the county that would have venue if the matter were subject to Superior Court rules in civil actions, or to a court in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court of the county in which it was held.

It is undisputed that defendants reside, conduct business, and own property in Ocean County, New Jersey. As such, venue is established.

N.J.S.A. 2A:23B-25(a) instructs courts as to the procedure following an arbitration award, stating: "[u]pon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity with the arbitrator's award. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action." Additionally, N.J.S.A. 2A:23B-5 states that "[e]xcept as otherwise provided in section 28 of this act, an application for judicial relief pursuant to this act shall be made upon commencement of a summary action with the court and heard in

10

the manner provided for in such matters by the applicable court rules." Lastly, Rule 4:67-1 states:

> This rule is applicable (a) considers the applicability of per (a) to all actions in which the court is permitted by rule or by statute to proceed in a summary manner, other than actions for the recovery of penalties which shall be brought pursuant to R[ule] 4:70; and (b) to all other actions in the Superior Court other than matrimonial actions and actions in which unliquidated monetary damages are sought, provided it appears to the court, on motion made pursuant to R[ule] 1:6-3 and on notice to the other parties to the action not in default, that it is likely that the matter may be completely disposed of in a summary manner.

Based on these legal principles and the record before this court, we are satisfied, the trial court correctly entered the order of April 25, 2025.

Further, defendants' reliance on 231 Pa. Code § 1326(b) is misplaced. 231 Pa. Code § 1326(b) states, "The rules of this chapter shall govern proceedings to compel arbitration and confirm an arbitration award entered in a claim arising from a consumer credit transaction." It is undisputed that the agreement does not involve a consumer credit transaction as defined by this chapter. As such, Pennsylvania law does not bar confirmation and enforcement of the arbitration award in New Jersey.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division